MILES G. DOBBINS, plaintiff in error, *vs.* ORANGE & ALEXANDRIA RAIL ROAD COMPANY, defendant, and CAMPBELL WALLACE, Superintendent of The Western & Atlantic Rail Road, garnishee, defendants in error.

The Superintendent of the Western & Atlantic Rail Road is not subject to garnishment process.

Motion to dismiss garnishment. Decided by Judge Collier. Fulton Superior Court. October Term, 1867.

Dobbins procured an attachment against the Orange & Alexandria Rail Road Company and had summons of garnishment served on Campbell Wallace, Superintendent of the Western & Atlantic Rail Road. Wallace's attorneys moved to discharge him from answering the garnishment, on the

Dobbins *vs.* Orange & Alexandria Railroad Company.

ground that as such Superintendent, he was not suable by such process.

The Court sustained the motion and ordered the discharge. This is assigned as error.

WM. DOUGHERTY, CULBERSON, (by the Reporter) for plaintiff in error.

HAMMOND & MYNATT, for defendant in error, replied, the Western & Atlantic Rail Road could only be sued by special act of the General Assembly.   Walker vs. Spullock 23d Ga., R. 437.  Act Jan. 15th, 1852, pamph. III, new Code, sec. 899. Garnishment lies against a corporation, but W. & A. is not a corporation, citing the sections of the Code on garnishment.

HARRIS, J.

The only question made in this case is, whether the Superintendent of the Western & Atlantic Rail Road is liable to the process of garnishment?

That process is one of statutory creation, and does not extend beyond the persons and classes of agents clearly within the provisions of law authorizing it.   We think it manifest that the Superintendent of the Western & Atlantic Rail Road belongs to that class of *public* agents, like the Governor and Treasurer of the State, whom reasons of policy exempt *as such agents* from process of garnishment.   It should be borne in mind that the Western & Atlantic Rail Road *is not a corporation* and liable like other corporations to suits and garnishments.   It is the property solely of the State of Georgia and under the control and power of the legislature at all times. It is true the legislature has authorized suits for damages to be instituted against it—prescribed how service is to be made, etc., as is authorized against other Railroads (*private* corporations) for losses incurred or negligence or malfeasence as common carriers.   This was a concession by the State of Georgia to the public of a right of suit against herself for particular wrongs,—and in thus allowing her Courts to take cognizance of the claims of individuals against her, she entirely with-

drew from the legislature those constant applications for compensation for injuries done or loss sustained in the working of her road. The right of suit against the Western & Atlantic Rail Road, for any and every cause, has not been given—it is limited, and beyond the cases in which the right of suit is *expressly* conferred, we are not disposed, by construction, to extend it. It is exclusively a matter for the legislature to enact whether the road of the State and its agents shall be made amenable in all respects as *private* corporations and their agents are. The great interests confided to the constant care of this *public* agent, the Superintendent of the Western & Atlantic Rail Road,—requiring, as we are satisfied they do, his whole time and undivided attention, furnish an argument of such overwhelming force against his amenability to the process of garnishment, that we unhesitatingly yield to it and affirm the judgment below.