The State *vs.* Dickson.

---

THE STATE, plaintiff in error, *vs.* JOHN DICKSON, defendant in error.

The Western and Atlantic Railroad is the property of the State, and its incomes are part of the revenue of the State. A debt due the road is a debt due the public, and is to be paid before "any other debt, lien or claim whatsoever," except funeral expences, etc., as specified by the Code.

Priority of lien.  Decided by Judge MILNER.  Whitfield Superior Court.  October Term, 1867.

On the 22d of July, 1866, Robert H. Caldwell owed said Dickson $747 46, and gave him a mortgage on four slaves to secure it. On the 4th of June, 1857, Caldwell owed Dickson other debts, amounting to $450, and to secure them, gave him another mortgage on said slaves. These mortgages were uly recorded. Judgments of foreclosure was had on said mortgages on the 20th of October, 1859, and on the 5th of December, 1859, respectively. In 1859, (at what date does not appear,) said Caldwell became the agent of the Western and Atlantic Railroad, and so continued during 1860. In each year, he gave bond and security for his good conduct as

such agent, and for 1860, said Dickson was one of his securities.

Caldwell, as such agent, was a defaulter, and the Comptroller General issued two *fi. fas.* against Caldwell and his securities on said bonds for said years for $1,346 07, and for $173 71, with interest, costs, etc., respectively. In January, 1861, these four *fi. fas.* were levied on said slaves, the slaves were sold under them, and brought $1,805 00. This fund being in the sheriff's hands, a motion was made to require him to pay the Dickson *fi. fa.* therewith. The Comptroller General resisted the motion upon a claim of priority of lien.

The Judge held that Dickson should be paid in preference to the State, but that, in as much as he was one of the securities against whom the State's small *fi. fa.* had been issued, its amount should be paid to the State out of said fund, and it should be given to Dickson, that he might control it against Caldwell, and that any surplus, after paying Dickson, should be paid to the State.

The Comptroller General assigns for error the decision that Dickson's *fi. fa.* had priority of lien before said State *fi. fas.*

SPRAYBERRY, J. A. W. JOHNSON, (by the Reporter,) for the State, said debts due to the public are entitled to priority, citing *New Code of Ga.*, secs. 832–36. Irwin's Code, sec. 2494. *8th Ga. R.*, 479, 481–2. *C. R. R. Bk. of Ga., vs. Little, et al.*, *11th Ga. R.*, 346. *Robenson vs. Bk. of Darien,* *18th Ga. R.*, 96 and 97; and this claim is a debt due to the public, citing Irwin's Code, sec. 967. *Acts of* 1858, *p.* 62, secs. 1, 6, 7, 8. *Shields vs. Yonge, Sup. W. & A. R. R.*, *15th Ga. R.*, 357, and *Dobbins vs. O. & A. R. R. Co., et. al.*, *37th Ga. R.*, 240.

C. D. McCUTCHEN, (by A. B. Culberson,) for Dickson, replied that the Act of 1858 was not retroactive, that there is a distinction between the lien of taxes and other public debts; that the priority of the State rests upon statutes; 33 Henry 8th, chap., 9th, is not in Schley's Digest of Statutes of force in

Georgia; State vs. Harrison, 2d Bailey, S. C. R., 598; Keckley vs. Keckley, 2 Hill S. C. Chan. R., 256; *Doane vs. Chittenden & Co.*, 25*th Ga. R.*, 108; as to third persons, the Act of 1858 must be construed against the State, *Mayor, etc. vs. Hartridge*, 8*th Ga. R.*, 30.

BROWN, C. J.

The State, in the collection of her revenues, is not subject to judicial interference, and takes precedence over the claims of individuals.

Taxes, which are part of the revenue of the State, are to be paid before any other " debt, lien, or claim, whatsoever." Revised Code., sec. 809.

The Western & Atlantic Railroad is the property of the State, exclusively. Revised Code, sec. 967.

All debtors to the road are debtors to the State or public, and where any question arises warranting it, the right or obligations of both parties are to be determined upon by the laws governing such relation. Revised Code, sec. 981. Acts of 1858, p. 62, secs. 1–6–7–8.

As the road is the property of the State, and its income as much part of her revenue as the taxes collected by her, it seems that these Acts are simply declaratory of what the law was prior to their passage.

The property of Caldwell was sold, in this case, under a mortgage *fi. fa.*, in favor of Dickson, and under two *fi. fas.*, in favor of the State, issued by the Comptroller General against Caldwell, as a defaulting agent of the road. The *fi. fa.* in favor of Dickson, was an older lien than the *fi. fas.* in favor of the State; and would have been entitled to the money, if this had been a contest between two individuals. But in a contest between the State and an individual, we hold that she takes precedence, without regard to the date of the lien. 8 *Ga. R.*, 479; 11 *Ga.*, 364; 37 *Ga.*, 240; Revised Code, 2494, and Statutes above quoted.

It is insisted by the counsel for Dickson, that his lien had attached before the passage of the Act of 1858, and that the

Act is unconstitutional as against him, because it impairs the obligation of the contract between Caldwell and Dickson. We cannot yield our assent to this doctrine. As already stated, we think this statute only declaratory of what the law was at the time of its passage. But if it were otherwise, we do not see how the *obligation* of the contract between Caldwell and Dickson, can be impaired by the assertion by the State of the priority, in the distribution of this fund, which she claims and exercises in all cases, in the collection of her revenues.

Judgment reversed.