BENJAMIN F. SIMS, plaintiff in error, *vs.* THE SOUTHERN EXPRESS COMPANY, defendant in error.

When the verdict is strongly and decidedly against the weight of the evidence, and no rule of law has been violated, and there is no abuse of his discretion by the presiding Judge, this Court will not reverse the judgment of the Court below, setting aside the verdict and granting a new trial.

New trial. Common-Carriers. Evidence. Before Judge GIBSON. Richmond Superior Court. July, 1869.

This case was before this Court before. See 38th Georgia Reports, 129. It was again tried and resulted in a verdict for the value of the ten bales of wool. Counsel for the Express Company moved for a new trial upon the grounds, that if entitled to recover at all, under the evidence, plaintiff ought not to have had a verdict for more than the value of two bales of the wool; that he could not recover more than $50 00, because the value was not specified in the receipt, said contract of shipment having been made in Louisiana. The Judge ordered that a new trial should be had unless the plaintiff would write off from the verdict the value of eight bales of the wool.

Sims' counsel assign this grant of a new trial as error. Counsel for the Company also assigned as error the refusal of the Judge to put his judgment upon the other ground, but that was withdrawn here.

BARNES & CUMMINGS, for plaintiff in error.

W. T. GOULD, JOSEPH P. CARR, for defendant.

Sims *vs.* The Southern Express Company.

Brown, C. J.

All the grounds of error taken in the bill of exceptions are abandoned in this Court, except the order granting a new trial, and we do not think the Judge abused the discretion vested in him by law, in passing that order.    If the witnesses are to be believed, there seems to be no doubt that eight bales of the wool were delivered in Richmond.    The defendant has labored under some disadvantage in making the proof, as its books were destroyed in Richmond, when the Federal army took possession of the city.    And Mr. Hunton, to whom the wool was consigned, is shown to be blind, and wholly unable, both mentally and physically, to attend to any business.

But the witness Bowen swears positively that the eight bales were delivered to Crenshaw & Company, by order of Hunton, the consignee; and that Mr. Hunton had the original receipt for the ten bales.    Here is positive proof of delivery. But it is said the jury did not believe the witness.    Had they any sufficient reason for disbelieving him ?    It is urged that in his first answers, when examined by commission, he did not state the matter as he did on the stand, on this trial; and the evidence, as given on the two different occasions, shows some discrepancies, but none, probably, that may not be reconciled, without imputing perjury to any one.    He swears, on the last trial, that Hunton had the receipt, which he did not state on the first examination.    But here he is corroborated.    The plaintiff, while he gives a different explanation, admits he has not the receipt.    And the brother of Hunton, the consignee, swears that, in 1862, Hunton told him there was some wool *en route* for them, from New Orleans, and at a subsequent period he told him there was some difficulty with the Express Company about the *discrepancy* in the wool, and urged witness to get, from a person named, the wool *receipt*, which was left with a clerk, etc., and look after it. The evidence shows no other lot shipped by Express to Hunton, about which there was a difficulty, growing out of a *discrepancy* in the wool.    Why then should the witness be

disbelieved when he said Hunton had the receipt? No reason could be assigned, unless the jury believed the plaintiff, the party at interest, in preference to the testimony of Bowen, corroborated as above stated.

Again, Bowen is corroborated in his statement that he delivered the wool to Crenshaw & Company, by order of the consignee, by the testimony of Mr. Crenshaw himself, that he purchased *eight* bales (the number mentioned by Bowen) about that time from some one, and that the eight bales were at the Southern Express Office, when he made the purchase. No other lot of *eight* bales is shown to have been purchased by him, which were received at the Express office.

It is objected, however, that in his first answers Bowen states the wool was consigned to Fredricksburg, and in the last to Richmond. This he admits, but gives what seems to us a reasonable explanation, how the mistake occurred. He says the mistake was occasioned by the fact that Hunton, to whom various shipments were being made, had instructed him to forward them all to Fredericksburg.

But it is not my purpose to enter into a critical review of the evidence in this case. I only refer to these facts as reasons why, in our opinion, the Judge did not abuse his discretion when he set aside this verdict and granted a new trial. The witness was not successfully impeached, unless there was something in his manner upon the stand, that justified the jury in setting aside his testimony. And we infer that such was not the case, as the Judge, who presided on the trial, and who saw his manner and conduct upon the stand, was not satisfied with the verdict. This was a matter which the Judge presiding on the trial, who saw and heard the witness testify, was much better qualified to determine than we can be, from a perusal of the evidence as it comes to us in the record.

And I will here remark, that neither justice nor sound policy, seems to dictate that common-carriers, whose operations were frequently interrupted during the war, by the movements of armies, and whose books were burnt and their offices sacked, thereby destroying the evidence upon which they might otherwise safely rely, should be held to as strict proof of perform-

ance as is required in time of peace, when they are subjected to no such interference with their business, or destruction of their records or property.

The evidence in this case is not the same, on either side, as it was when the case was before this Court, at December Term, 1868.   38 *Ga.*, 129.   But we think the case is stronger for the defendant than it was on that hearing; and we again affirm the judgment of the Court below, setting aside the verdict and granting a new trial.