JOHN W. LEWIS, superintendent, plaintiff in error, *vs.* THEO. H. TURNER, defendant in error.

By the Act of April 18, 1863, all suits then pending, and brought after the adoption of the Code, against the Western & Atlantic Railroad for damages caused by the running of the cars, stand upon the same footing as suits against other railroad companies for such damages, and this, even though the damage for which the suits are brought was received before the adoption of the Code.

Liability of Western & Atlantic Railroad. Retroactive Law. Before Judge POPE. Fulton Superior Court. May Term, 1869.

Early in 1861, Turner brought case against Lewis, as Superintendent of the Western & Atlantic Railroad, returnable to April Term, 1861, of the Superior Court of said county. He averred, that on the 8th of July, 1859, he was employed by and acting as a fireman on an engine of said defendant, on said road, and was damaged by the sinking or opening of the track of said road, causing the engine to upset and scald him; that he expended money for board, nursing, etc., in trying to cure himself, but could not be cured, and was for two years wholly disabled from attending to business, suffered great pain, and was disabled for life; that

this upsetting of the engine was caused by the carelessness and negligence of the track-raiser, and other servants of defendant, over whom he had no control, and who did not work at the same work with him, but stayed upon said railroad to keep it in order, and they failed to do so, and allowed the track to get in such order as to upset said engine.

The plaintiff proved the time, manner and extent of the injury, as stated, and that he was a first class fireman, getting $2 00 per day, that he demanded payment according to the statute, and it was refused, and that his duties caused him to stay on his engine, while the track-raiser's duty was to stay on his section of the road, and keep it in order, and that the road at that point had been some time in bad order, and that the track-raiser was discharged immediately upon the happening of this occurrence. Here plaintiff rested his case. Defendant's counsel moved for a non-suit. The motion was overruled, the cause was argued, and plaintiff had judgment for $2,000 00 and costs. A new trial was moved for, upon the ground that the Court erred in refusing a non-suit, and because the verdict was contrary to the evidence, etc. The Court refused a new trial, and error is assigned thereupon.

S. B. HOYT, for plaintiff in error, said plaintiff ought not to have recovered, because he was injured by his fellow-servants in the same work: 15th Ga. R., 349; 23d, 436; Pierce on Am. R., 286, 289: Story on Ag., sec. 453, (d) *et seq.;* 4th Metcalf, 49, 57; 5th Exch. R., 357; 3 M. & W. R., 1; and asked the Court for permission to review Cannon vs. Rowland, Sup't. W. & A. R. R., 34th Ga. R., 422; and Cooper, Sup't. W. & A. R. R. vs. Mullins, 30th Ga. R., 146.

A. W. HAMMOND & SON, for defendant, relied upon the two cases last cited, etc.

McCAY, J.

This case turns upon the question whether it is included among the actions declared by the Act of April, 1863, to be well founded. That Act, though somewhat uncertain, was, in our judgment, intended to provide that suits then pending against the Western & Atlantic Railroad, if brought after

the adoption of the Code, should be decided upon the same principles as if they were against other railroads. In other words, such suits were to be decided as though the Act of 1856 had included the Western & Atlantic Railroad.

Previously to the Act of 1856, a servant could not recover from a railroad company for damages caused by another servant. The Act of 1856 modified this rule, but that Act did not mention the Western & Atlantic Railroad, and this Court in *Walker vs. Spurlock*, 23d *Georgia*, 436, held that the Act did not apply to the State Road. By the Code, however, this road is put upon the same footing as other railroads: Code, secs. 969 and 970. The Act of 1863 seems to have been intended to make the Western & Atlantic Road liable as other roads, even though the wrong was done before the Code went into effect, provided the suit was pending at the date of the Act, and was brought after the *adoption* of the Code. The Code was adopted in 1860, and went into effect 1st January, 1863. This suit was pending at the date of the Act of 1863, and was brought after the adoption of the Code, and is, therefore, included in that Act, although when the wrong was done no such suit could by law have been brought against this road. It is a retroactive statute in terms. The Western & Atlantic Road belongs to the State, and it is no infringement of any private right for the Legislature to pass such a retroactive law. The State is the real party; the suit is nothing but a mode provided by law to ascertain what the State owes the citizen, on the principle that applies to private persons. When the judgment is obtained, it is only an authority to the railroad officers to pay, since it will hardly be contended that the plaintiff could seize on the State's property.

We think the action maintainable under the Act of 1863. The Western & Atlantic Railroad is liable to one of its servants for damages caused by the negligence of another servant, even though the wrong was done before 1st of January, 1863, provided the wrong was done after the Act of 1856, and the suit was brought after the adoption of the Code and was pending at the date of the passage of the Act of April, 1863. Judgment affirmed.