## TORRAS *et al. v.* RAEBURN & VERELL.

1. Assignments of error in a bill of exceptions, upon the overruling of exceptions to an auditor's report, which complain of rulings made by the auditor in admitting and rejecting evidence, will not be considered by this court when the evidence admitted or rejected is not set forth in the exceptions filed to the auditor's report.

2. In a suit brought by a creditor of a corporation against persons alleged to be stockholders in such corporation, to recover unpaid subscriptions for stock, such persons, if shown to be subscribers for stock, will not be allowed in such a suit to call in question the corporate existence of the alleged corporation, nor to show any irregularities in its creation or organization, provided the contract sued on is within the powers apparently possessed by the alleged corporation.

3. The execution of the instrument sued on need not be proved unless the same is denied on oath.

4. When in an equity case it appears that there was sufficient evidence before the auditor to sustain his findings on the facts, and the judge has either disapproved all the exceptions of fact, or, sitting as judge and jury by consent, has sustained the auditor on all such findings, this court will not reverse his judgment solely for the reason that there was evidence from which the auditor might have reached a different conclusion.

5. An action brought by the "managing owners" of a vessel described in a charter-party can not be defeated by showing that the vessel referred to in the charter was only owned in part by the plaintiffs.

6. In an equity case which has been referred to an auditor, where the exceptions of fact are disapproved and the exceptions of law overruled, the proper practice is to enter a decree without the intervention of a jury.

7. The discretion of the judge in directing upon whom the costs shall fall in an equity case will not be controlled, unless abused. No abuse of discretion appears in the present case.

8. There was some evidence to support all of the auditor's findings of fact, and the same were approved by the trial judge ; and even if any errors of law were committed, they were not of such a nature as to require a reversal of the judgment.

Argued May 17, — Decided July 24, 1899.

Exceptions to auditor's report.  Before Judge Sweat.  Glynn superior court.  February 28, 1898.

*Crovatt & Whitfield*, for plaintiffs in error.
*Goodyear & Kay*, contra.

FISH, J.   Raeburn & Verell sued the Florida Phosphate Exchange & Export Company, alleged to be a corporation of this State, and others, among whom were the plaintiffs in error, Torras, Hitch, Dempster, and Minnehan, alleging that, under a charter-party dated November 2, 1893, the plaintiffs chartered to the defendant company a certain steamship, and that when the plaintiffs had entered upon the performance of the contract, and while the steamship was en route to Brunswick to fill the charter, they were notified by the defendants of their inability to carry out the contract and of their refusal to comply with it; and the plaintiffs thereupon set to work to procure a cargo for the ship to the best possible advantage, and succeeded in filling it to very good advantage with a cargo of phosphate rock and cotton at Savannah, but sustained a loss in the transaction of £241, 8d, which in money of the United States, is $1,181.56 1/2, this sum being the difference between what the steamship would have earned by carrying out the contract with the defendants, and the sum actually earned by carrying the substituted cargo; and the defendant company has failed and refused to pay the same.   The defendant company is hopelessly insolvent, and its entire assets, so far as known to the plaintiffs, consist in certain subscriptions to stock in the company, upon which the individuals named as defendants owe respectively stated sums, and the plaintiffs have no means to secure payment of the sums due them by the defendant company, except by the collection from these stockholders of their unpaid subscriptions.   Plaintiffs, waiving discovery, prayed that an auditor be appointed to ascertain who were indebted to the de-

fendant company, and what proportion of the indebtedness
would be necessary to satisfy the plaintiffs' claim; and that
they have judgment against the defendants for the amount of
the claim, etc.    Torras, Minnehan, Dempster, and Hitch filed
separate answers, each averring that from want of sufficient in-
formation they could neither admit nor deny the averments of
the petition, and alleging that they were neither subscribers for
nor owned any stock in the defendant company, and distinctly
denying that they were indebted to plaintiffs or the defendant
company.    No defense was filed by the other defendants.  The
case was referred to an auditor, who, after hearing the same,
made a report finding, among other things, that the defendant
company was due plaintiffs $1,011.39, with interest from March
29, 1894, and that the individual defendants named were lia-
ble in stated sums.    Exceptions of law and of fact were filed
by the plaintiffs in error, and the court, after hearing the same,
overruled them, and rendered judgment in favor of the plain-
tiffs in accordance with the findings of the auditor.    Error is
assigned upon the overruling of the exceptions, and upon the
judgment rendered against the defendants.    It is further al-
leged that the court erred in refusing to submit to the consid-
eration of a jury the issues raised by the exceptions of fact.  In
a correction inserted by the judge in the bill of exceptions it
appears that the case was heard by the court with the under-
standing that the court was to pass upon all exceptions, both
of law and of fact, without the intervention of a jury.

1. The bill of exceptions assigns error upon the judgment of
the court in overruling the exceptions filed by the defendants
to the auditor's report, and refers to the record for such excep-
tions.    The exceptions contained in the record which complain
of the rulings of the auditor in the admission and rejection of
evidence do not set forth the evidence admitted or rejected, but
refer to "the report of the auditor and accompanying docu-
ments" for the evidence which is the subject of exception, and
in some instances for the grounds of objection as well.    Such
assignments of error can not be considered by this court.    A
ground of a motion for a new trial, complaining of the admis-
sion or rejection of evidence, will not be considered unless it is

complete in itself, requiring no reference to other parts of the record to render it intelligible. *Herz* v. *Claflin,* 101 *Ga.* 615; *Shockley* v. *Morgan,* 103 *Ga.* 156. We see no reason why the same rule should not be applied to exceptions to an auditor's report.

2. There was evidence before the auditor to show that a charter had been granted to the defendant company, and the powers contained in the charter were amply sufficient to authorize the company to enter into the contract sued on. The finding of the auditor that the defendants were subscribers for stock was also based upon sufficient evidence. Such being the case, it is not permissible for the defendants to call in question the legality of the charter or the regularity of the organization thereunder as against those who have dealt with the corporation and extended credit to it as such. 4 Thomp. Corp. § 5254; Taylor, Priv. Corp. (4th ed.) § 537 et seq.; 2 Mor. Priv. Corp. § 752; *Georgia Ice Company* v. *Porter,* 70 *Ga.* 637.

3. The charter-party was the foundation of the action, a copy of the same being attached to the declaration. The execution of this paper not being denied on oath by any of the defendants, it was not necessary to prove its execution. Civil Code, § 3701.

4. There was evidence before the auditor to authorize his findings both against the company and the defendants who were alleged to be stockholders. Whether we treat the action of the judge in reference to the exceptions of fact as a refusal to approve them, or as a decision sustaining them, the result is the same. In either event he has approved the findings of the auditor, and we will not interfere. The case was in default as to the defendant company, and there was ample evidence to show that the other defendants were liable in the amounts found against them. "It is presumptive evidence that one is a subscriber or stockholder when his name appears on the books of the company in either of these capacities." 1 Cook, Stock and Stockholders, § 55. And "the minute book of the proceedings of the directors' meetings is the proper evidence to prove a corporate contract or the authority of a corporate agent to act or contract for it." 2 Ibid. § 714.

5. While there was evidence that the plaintiffs were not the sole owners of the vessel referred to in the charter-party, this would not defeat the action. The defendant company dealt with the plaintiffs as persons authorized to control the vessel, and they showed their willingness and ability to comply with their contract; and 'so far as the defendant company and its stockholders are concerned, it is immaterial who owned the vessel. The evidence shows that the plaintiffs were the "managing owners" of the vessel; and a charter party made by them is binding on all interested in the vessel. Desty's Ship. & Adm. § 197, and cases cited; Bangs v. Lowber, 2 Cliff. 157.

6. In reference to the proposition stated in the 6th headnote, it is only necessary to cite the case of *Davidson* v. *Story*, 106 *Ga.* 799, and cases cited.

7. The judge directed that judgment be entered against each defendant stockholder for the entire costs of the case, but provided that any stockholder who paid the whole costs should have the right to control the judgment so as to compel the others to contribute their pro rata part of the costs. Under the code the question of who shall pay the costs in an equity case is left to the discretion of the judge. Civil Code, § 4850. This discretion will not be controlled unless it is abused, and we can not say that any abuse of discretion is apparent in the present case.

8. There is no finding of the auditor which can be said to be entirely without evidence to support it, and each of his findings of fact has been approved by the trial judge. Such being the case, and none of the rulings complained of, even if erroneous, being of such a character as to require a reversal of the judgment, we do not feel disposed to interfere.

*Judgment affirmed.    All the Justices concurring.*