ATLANTA TRUST COMPANY, trustee, *v.* ATLANTA REALTY CORPORATION *et al.*

No. 9332.   SEPTEMBER 12, 1933.

*Anderson, Rountree, Crenshaw & Hansell* and *Alston, Alston, Foster & Moise,* for plaintiff.

*Lawrence S. Camp, attorney-general, W. K. Meadow, assistant attorney-general, John A. Smith, McDaniel, Neely & Marshall, Arnold, Arnold & Gambrell, Harold Hirsch,* and *Marion Smith,* for defendants.

ATKINSON, J.  On May 15, 1925, the Atlanta Realty Corporation executed an indenture conveying described realty and personalty (known as the Hurt Building and its equipment) to G. L. Miller & Company Inc., and George S. Jones, as trustees, to secure an issue of bonds aggregating $3,825,000.  The conveyance was duly recorded, and the bonds were sold.  On September 1, 1928, the Atlanta Realty Corporation executed a deed conveying the same property to the Hurt Building Corporation, the latter corporation assuming the bonded indebtedness, and the deed was duly recorded. On October 23, 1928, the Hurt Building Corporation (subject to the first above-mentioned indenture) conveyed the property to the American Trust & Safe Deposit Company and Charles C. Moore as trustees, to secure a loan of $550,000, and the security deed was duly recorded.  The Atlanta Trust Company was duly appointed

trustee as successor to G. L. Miller & Company Inc., and George S. Jones, the original trustees named in the first deed. Default having been made in regard to carrying out the obligations imposed by the deed of trust, the Atlanta Trust Company as trustee, on February 3, 1932, instituted a suit in equity against the Atlanta Realty Corporation, the Hurt Building Corporation, the American Trust & Safe Deposit Company, and Charles C. Moore, to foreclose as a mortgage the indenture securing the bonded indebtedness, and seeking the appointment of a receiver for the property. While the action was pending, the State Revenue Commission of Georgia filed an intervention alleging an indebtedness to the State of Georgia owed by the Hurt Building Corporation of $306.77 for tax under the gross-receipts tax act of the General Assembly of Georgia, approved August 29, 1929 (Ga. L. 1929, pp. 103-117), as amended for the last quarter of the year 1931, together with five per cent. of said sum, under section 18 of said act, on account of failure to pay the same within thirty days after said tax was due; also an indebtedness of $100 owed to the State by the Hurt Building Corporation as an occupation tax under paragraph 44 of the general tax act of 1927 as amended, besides a penalty of $20 on account of failure to pay the tax within the ninety days after the same became due; also an indebtedness of $500 owed to the State by the Atlanta Realty Corporation as an occupation tax up to September 1, 1928, under paragraph 44 of the general tax act of 1927 as amended, together with a penalty of 20 per cent. of that amount, on account of failure to pay the tax; and seeking to set up a lien affecting the "Hurt Building" for all of said sums, prior in dignity to all of other claims, and an order directing the receiver to pay such amounts to the intervenor. The claim of lien was based on conduct of business and gross receipts therefrom by the proprietors of the Hurt Building in renting out offices therein. The Atlanta Trust Company as trustee filed an answer to the intervention. At a hearing, it being stated by the attorneys that there were no issues of fact, the judge entered judgment for the intervenor· for the amounts alleged to be due to the State, and ordered them to be paid by the receiver. The Atlanta Trust Company excepted to this judgment.

■ There are established by statute in this State: "Liens in favor of the State, counties, and municipal corporations for taxes."

Civil Code, § 3329. It is also declared by statute that "Liens for taxes due the State or any county thereof, or municipal corporation therein, shall cover the property of taxpayers liable to tax, from the time fixed by law for valuation of the same in each year until such taxes are paid. . . Such liens for taxes are hereby declared superior to all other liens." § 3333. And further: "Taxes shall be paid before any other debt, lien, or claim whatsoever, and the property returned or held at the time of giving in, or after, is always subject." § 1140. *Phœnix Mutual Life Insurance Co.* v. *Appling County,* 164 *Ga.* 861 (139 S. E. 674). The words "liens . . for taxes" as employed in these statutes are general and broad, and, construed in the light of the act of 1873 (Ga. L. 1873, p. 42) and the act of 1804 (Ga. L. 1804, pp. 71-84, Cobb, 1050), from which they were codified, though referring specially to taxable property, are sufficient to include also taxes provided by statute for support of the State and counties and municipal corporations, that are not ad valorem or based on property. *City of Brunswick* v. *Gordon Realty Co.,* 163 *Ga.* 636 (136 S. E. 898).

■   The general tax act of 1927 (Ga. L. 1927, p. 56) for support of the State and its institutions, provides in section 2, "that, in addition to the ad valorem tax on real estate and personal property, as required by the constitution and now provided for by law, the following specific and occupation taxes shall be levied and collected each year after the passage of this act." Among the large number of classifications for taxation are the provisions of paragraph 44, which declares that "all corporations incorporated under the laws of Georgia [except stated classes], in addition to all other taxes now required of them by law, are hereby required to pay each year annual license or occupation tax as specified in" a stated scale graduated according to the amount of capital employed in the business. In section 2 of the act of 1923, creating the Department of Revenue (Ga. L. Ex. Sess. 1923, pp. 13-14, Park's Code Supp. 1926, § 913(2), Michie's Code 1926, § 1245(8)), it is provided that designated officers shall, among other duties, "investigate and collect delinquent license taxes, special or occupation taxes," and that "all delinquent taxpayers shall be subject to a penalty of twenty per cent. for non-payment of said taxes. All special or occupation taxes shall be deemed delinquent after thirty days from the expiration of the quarter in which they are payable."

These provisions of the acts of 1927 and of the act of 1923 are to be considered together and with the Civil Code, §§ 1140, 3329, 3333, supra. When so considered they provide a lien and its rank, for the special occupation taxes above enumerated. See *State* v. *Dickson*, 38 *Ga.* 171; *Dysart* v. *Brown*, 100 *Ga.* 1 (26 S. E. 767). The ruling in *Jones* v. *Stewart*, 117 *Ga.* 977 (44 S. E. 879), not assented to by all the Justices, did not involve the acts of 1927 and 1929, and the facts were different; and that ruling is not controlling as a precedent in the instant case. And when the statutes above set forth are all considered together, they also provide as a part of the tax a penalty for failure to pay the tax, carrying the same lien. In this connection, see 53 C. J. 244; Gray *v.* Logan County, 7 Okla. 321 (54 Pac. 485).

■ In the act approved August 29, 1929, to provide for raising public revenue by a tax upon the privilege of engaging in certain occupations, etc. (Ga. L. 1929, p. 103), it is provided in section 2: "There is hereby levied and shall be collected annual privileges taxes against the persons, on account of the business activities, and in the amounts to be determined by the application of rates against values and/or gross receipts, as the case may be, as follows." Then follow sections 3 to 6, inclusive, taxing specified classes. In section 7 it is declared "that upon every person engaged or continuing within this State in any and every business not included in the preceding sections there is levied and shall be collected a tax equal to two mills on the dollar of the gross receipts of any such business." In section 16 it is declared "that the tax imposed by this act shall be a lien upon the property of any person subject to the provisions hereof who shall sell out his business or stock of goods, or shall quit business, and such person shall be required to make the return provided for under this act within thirty days after the date he sold out his business or stock of goods, or quit business, and his successor in business shall be required to withhold sufficient of the purchase-money to cover the amount of said taxes due and unpaid until such time as the former owner shall produce a receipt from the tax commissioner showing that the taxes have been paid. If the purchaser of the business or stock of goods shall fail to withhold purchase-money as above provided, and the taxes shall be due and unpaid after the thirty-day period allowed, he shall be personally liable for the payment of the taxes accrued

and unpaid on account of the operation of the business by the former owner." In section 18 it is declared "that a tax due and unpaid under this act shall constitute a debt due the State, and may be collected by action in debt or assumpsit or other appropriate judicial proceeding, which remedy shall be in addition to all other existing remedies; and it shall constitute a lien upon all the property of the taxpayer, and the same shall be collected together with an additional five per cent. of the amount of the tax and the costs of collection, if paid within thirty days after the date it was due, and an additional two per cent. of the amount of the tax for each succeeding thirty days elapsing before the tax shall have been paid." These provisions of the act of 1929 are to be considered together and with the Civil Code, §§ 1140, 3329, 3333, supra. When so considered, they provide (1) a lien and its rank, for the special gross-receipts tax above mentioned; (2) and as a part of such tax a penalty for failure to pay the tax, carrying the same lien. In connection with this ruling see the authorities cited on similar rulings in the preceding division.

■ Applying the foregoing principles, the judge did not err, under pleadings which presented no issue of fact, in rendering a judgment for the intervenor, setting up the claim for the special occupation tax and gross-receipts tax and penalties for failure to pay the same, with liens therefor binding the property in question and superior to the prior duly recorded deed of trust conveying the same property as security for the issue of bonds.

*Judgment affirmed. All the Justices concur.*