24216. GOLDSTEIN *v.* STATE REVENUE COMMISSION *et al.*

SUTTON, J. By an amendment to the general tax act, the State of Georgia levied "Upon all persons, firms, or corporations engaged in dry cleaning, in all towns and cities of this State, of not more than 3500 inhabitants, the sum of $5 for each place of business; and in all towns and cities of this State having a population of more than 3500 inhabitants, the sum of $25 for each place of business." Ga. L. 1929, p. 65. This was a valid occupation tax on each place of business of a person, firm, or corporation doing a dry-cleaning business in this State. *Atlanta Laundries Inc.* v. *Harrison*, 174 *Ga.* 448 (162 S. E. 912).

2. Plaintiff in error operated a dry-cleaning business in the City of Atlanta, a city of this State with more than 3500 inhabitants. The actual dry cleaning of clothes was carried on at a plant of the plaintiff in error in

said city, used exclusively for that purpose; but he had several places in said city where he received the clothes of his customers to be dry cleaned, transporting the same by motor-truck to his plant wherein the dry cleaning was done, and then such clothes were brought back to the place where they were received, for delivery to the customer bringing the same for cleaning, at which place the customer called for his clothes and paid to plaintiff in error his charges for cleaning the same. The State of Georgia, through its proper agents and officials, assessed a tax of $25 against each place of business of the plaintiff in error where he received such clothes for the purpose of dry cleaning the same and thereafter delivered the same to his customer and received compensation for his services. He refused to pay the tax thus imposed, claiming that he was due the tax for only one establishment, to wit the place where the actual dry cleaning of clothes was done, and that the various places maintained by him in said city where clothes were received by him for dry cleaning did not constitute "places of business" within the meaning of the statute imposing the tax. In November, 1932, a tax fi. fa. was issued and levied on certain property belonging to him. He filed his affidavit of illegality denying liability. The trial resulted in a directed verdict for the taxing authorities. The plaintiff in error moved for a new trial, and to the judgment overruling the motion he excepted. *Held*:

(a) The trial court correctly ruled that the plain meaning of the occupation-tax statute in question, as to those engaged in the dry-cleaning business in the City of Atlanta, was to impose upon all persons, firms, or corporations engaging therein a tax of $25 for each place of business maintained; and that the stores, depots, or places where the plaintiff in error received clothes to be cleaned and after cleaning them at his dry cleaning plant delivered them to his customer upon payment of the charges therefor, each constituted a "place of business" within the meaning of the tax act. Had the legislature intended to impose the tax only upon places of a person, firm, or corporation, engaged in the dry-cleaning business, where the actual dry cleaning was done, they could have easily so provided.

(b) Section 49 of the general tax act of 1929 was amendatory of and superseded section 49 of the general tax act of 1927, which provided that the State of Georgia should levy "Upon all persons, firms, or corporations engaged in dry cleaning, $25.00 for each place of business." Ga. L. 1927, p. 72.

(c) Such a place of business, opened up after January 1, was properly included within the number of places of business of the plaintiff in error in fixing the amount of taxes due by him for that year. The general tax act of 1929 was merely amendatory of the general tax act of 1927, wherein it was provided that "The taxes provided for in this act shall be paid in full for the fiscal year for which they are levied," and "before any person shall be authorized to open up or carry on said business" he shall "pay the tax to the collector." Ga. L. 1927, p. 92.

3. Although all legislative enactments imposing penalties upon citizens of this State for failure or laggardness in complying with the provisions thereof are to be strictly construed against the State and liberally construed and applied in favor of those against whom it is sought to impose

the penalty, the plain and evident meaning of a statute, and the clear intent of the legislature, including a tax act imposing a penalty, is to be given thereto by this court in construing the same.

(a) Section 35 of the general tax act of 1929, amending the general tax act of 1927, provides that "should any of the taxes herein imposed remain due and unpaid for thirty days from the due date thereof, then such person, firm, or corporation shall be subject to and shall pay a penalty of fifty per cent. of the tax imposed." Ga. L. 1929, p. 76; *Atlanta Laundries Inc.* v. *Harrison*, supra. The taxes due by the plaintiff in error for the years 1930 and 1931, not being paid within thirty days after they became due, to wit on January 1 of each year, he became subject to the penalty imposed by that act. The tax for the year 1929 was, of course, subject to the penalty under the 1927 general tax act, which was twenty per cent.; and the tax for the year 1932 was subject to the penalty provided by the amendment of 1931, which repealed the 1929 amendment and again fixed the penalty at twenty per cent. of the tax imposed.

(b) The amendment of 1931 (Acts Extraordinary Sess. 1931, p. 87), repealing the penalty provision of the amendment of 1929 to the general tax act, and fixing the penalty again at twenty per cent. of the tax for failure to pay the taxes imposed within ninety days after due, did not relieve the plaintiff in error from liability for the fifty per cent. penalty for non-payment of the taxes due by him for the years 1930 and 1931. On the failure of the plaintiff in error to pay the taxes due for these years, when the fifty per cent. penalty was in force, that penalty accrued and became a part of the taxes due. See *Atlanta Trust Co.* v. *Atlanta Realty Cor.*, 177 *Ga.* 581 (3) (170 S. E. 791). There is nothing in *Lewis* v. *Turner*, 40 *Ga.* 416, or in *Dennington* v. *Roberta*, 130 *Ga.* 494 (61 S. E. 20), contrary to this holding.

4. It follows that the evidence demanded a verdict for the defendants in error, and that the trial judge did not err in overruling the motion for a new trial, filed by the plaintiff in error, complaining of the judgment of the trial judge in directing a verdict for the defendants in error.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 12, 1934. REHEARING DENIED JANUARY 7, 1935.

*Noah J. Stone, Little, Powell, Reid & Goldstein,* for plaintiff in error.

*M. J. Yeomans, attorney-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general,* contra.