WOFFORD OIL COMPANY *v.* CITY OF ATLANTA *et al.*

ATKINSON, Justice. 1. In rivalry for priority between a lien for municipal taxes and the lien of a common-law judgment, the former is entitled to preference. *Atlanta Trust Co.* v. *Atlanta Realty Corporation*, 177 *Ga.* 581 (170 S. E. 791), and cit.

2. In an equitable suit of the character here under consideration, for appointment of a receiver and marshaling the assets of an insolvent corporation, the apportionment of costs is generally within the discretion of the judge, which will not be disturbed where it is not abused. *Lowe* v. *Byrd*, 148 *Ga.* 388 (96 S. E. 1001); *Lane* v. *Tarver*, 153 *Ga.* 570 (113 S. E. 452). No abuse of discretion in that matter appears in this case.

3. The assignment of error, construed most strongly against the plaintiff in error, alleges an offer to pay city taxes on specific property after it had been sold, such payment to be made from the fund in court derived from the sale. *Held*, that this was no such offer as is contemplated by the Code, § 92-5712: "The owner or the holder of any equity, lien, or interest in or on property returned or assessed with other property for taxes shall be allowed to pay the taxes assessed against any one or

more pieces of such property, (a) when listed separately by the owner or assessor on the tax return or digest, according to the valuation shown by said return or assessment, (b) when not listed separately on the tax return or digest by the owner or assessor, by paying the proportionate part of the taxes represented by such property according to the valuation in the return or assessment; that is to say, such proportionate part of all of such taxes represented by such return or assessment as the value of such separate piece of property (upon which payment is being made) bears to all of the said property in such return or assessment. The officials charged with the collection of taxes for this State or for any subdivision of this State (including municipalities and all other subdivisions of the State and counties) and . . any transferee of said tax lien shall be required to accept payment of said taxes when tender is made as provided herein, shall issue a receipt showing such payment, and shall execute a release of said property from such lien for taxes, and the official or transferee accepting said payment and releasing said property shall be paid a fee of 50 cents for issuing said receipt and release. This law shall apply to taxes accruing before its passage as well as to taxes accruing thereafter."

4. Applying the foregoing principles, the judge did not err, for any reason assigned, in ordering the fund in court to be applied first to payment of cost, and second to taxes due the City of Atlanta.

*Judgment affirmed. All the Justices concur.*

No. 11326. NOVEMBER 12, 1936. REHEARING DENIED DECEMBER 10, 1936.

495

*O. C. Hancock,* for plaintiff in error.

*J. C. Savage, C. S. Winn, Bond Almand,* and *Roy S. Drennan,* contra.