## GILES *et al. v.* PEACHTREE PANTRIES INC. *et al.*

CANDLER, Justice. In this receivership proceeding, and after a hearing at which the parties introduced evidence, the trial judge refused to assess any part of the costs against an intervenor who had a lien by security deed upon the property involved. The judge later assessed all of the costs against the plaintiffs and entered final judgment accordingly. Upon these rulings error is properly assigned. It is argued by the plaintiffs in error that the trial judge erred in so assessing the costs. In cases of this character, the judge is vested with a discretion which, when exercised, will not be controlled unless abused. Code, § 37-1105; *Torras* v. *Raeburn & Verell,* 108 *Ga.* 345 (7) (33 S. E. 989); *Zachry* v.

*Industrial Loan & Investment Co.,* 182 *Ga.* 738 (186 S. E. 832); *Wofford Oil Co.* v. *City of Atlanta,* 183 *Ga.* 492 (188 S. E. 691). A determination of the question presented involves necessarily a consideration of the evidence; and questions involving a consideration of the evidence will not be considered by this court where the evidence is not properly brought up. *Sayer* v. *Brown,* 119 *Ga.* 539 (46 S. E. 649); *Smith* v. *Zachry,* 128 *Ga.* 290 (57 S. E. 513). Concerning the procedure to be employed in bringing evidence to this court for the review of litigation, it is a settled rule of practice in this State that the evidence must be brought up in the bill of exceptions or attached thereto as exhibits duly and properly identified by the trial judge or be embodied in an approved brief of the evidence and brought up as a part of the record. See *Attaway* v. *Duncan,* 206 *Ga.* 230 (1) (56 S. E. 2d, 269), and citations. In this case, after the judge's certificate, there is attached to the bill of exceptions an exhibit which purports to be a brief of the evidence, but it is not identified or authenticated as such in any way by the trial judge; and following our very recent ruling in *Cornett* v. *Justice,* 209 *Ga.* 375 (72 S. E. 2d, 724), and the cases there cited, we must and do hold that the rule for bringing up evidence has not been complied with in the instant case; and, since the burden is on one asserting error to show it affirmatively by the record (*Smith* v. *State,* 203 *Ga.* 636, 47 S. E. 2d, 866), and this can be done in the case at bar only by a consideration of the evidence, we will assume that the judgment complained of is correct and affirm it. See, in this connection, *Roberts* v. *City of Cairo,* 133 *Ga.* 642, 644 (66 S. E. 938).

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., and Wyatt, J., not participating; and Almand, J., who dissents for the reasons stated in the dissenting opinion in Blackwell v. Farrar, 208 Ga. 757.*

No. 18065. SUBMITTED JANUARY 15, 1953—DECIDED FEBRUARY 9, 1953—
REHEARING DENIED FEBRUARY 25, 1953.

*Young H. Fraser* and *H. O. Hubert Jr.,* for plaintiffs in error.
*Thomas B. Branch, J. A. McCurdy* and *O. C. Hancock,* contra.