*DOCHRANE, C. J,
This was an action brought on a promissory note, dated May 20th, 1860, given by Hill (in conjunction with others not sued), and payable to Wilker. On the trial of the case it was admitted that the note was. made and delivered on the Sabbath day, and the consideration is expressed to be, for a mining privilege at Pike’s Peak, in Kansas, where the note was made.
The main and controlling question made by the record, Is whether a note executed on the Sabbath day, and given In the business or work of the parties’ ordinary calling, and not in pursuance of works of necessity or charity, is such a contract as may be enforced under the laws of this State.
There is nothing disclosed by this record relative to 4he *453 laws of Kansas on this subject, and the principle of lex loci, or the doctrine of comity, as to how far Georgia would permit contracts violative of her public policy to be enforced, conceding such contracts to be valid outside her territorial limits where made, but conflicting with her own system of laws and public policy, is a question we need not decide, as there is nothing in this record which would authorize this Court to presume such law or statutory provision to exist.
Sitting as we do to administer the laws of this State, in questions to be determined by our Courts, we are necessarily. governed by the laws as we find them existing here, except proof is made of different provisions of law existing when the contract sought to be enforced was executed. As a general rule the laws of the place where proved, lex loci contractus, will be administered by Courts wherever the enforcement of the contract is invoked. But to this general rule there are exceptions; for Courts will not lend their processes or powers to enforce laws which contravene the public policy, or are immoral or in conflict with the fundamental principles of conscience or morality pervading the legislation of the State when the power of such Court is invoked, and this Court, while it broadly and in the widest sense, recognizes comity upon all questions within its legitimate scope and» *operation, has nevertheless asserted in its prerogatives of justice these exceptions to the general rule.
In this case, however, the question is what construction Courts will give to the law of contracts, where there is no proof to the lex loci. And we hold in the absence of proof to the contrary, the legal presumption is, that the lex loci is the same as our own. We are sustained in this presumption by the fact that a contrary view would suppose the people of Kansas to have annulled the decalogue, and to have permitted by law the disregard of Christian obligation, and not only forgotten but violated the injunction, “Remember the Sabbath day to keep it holy; on it thou shalt-do no manner of work.” This State for over a century has recognized upon her statutes the sanctity of the obligation, and punished its violators. All worldly labor or work done in the ordinary calling of our people on the Lord’s day is forbidden under penalties, and only such acts as necessity invokes or charity inspires are exempted from their infliction.
This Court in 31st Georgia, 607, has expressly ruled that the payment of money on a note was a transaction in violation of the law, it being made on the Lord’s day or Sunday, and dfd not constitute such an acknowledgment of the debt as would raise the presumption of a promise sufficient to take the case out of the Statute of Limitations; that the act of paymer’t was void, and all the obligations growing out of it were null and void.
*454 And this is the almost unbroken current of American authorities. “A promissory note given on a -Sunday is void as between the parties, and a subsequent promise to pay it will not make it valid:” Pope v. Lynn, 50 Maine, 83. “A note signed and delivered on Sunday is invalid:” 48 Maine, 198. A note given on Sunday for the price of a horse sold on that day is void: 26 Maine, 464. And the same doctrine is laid down in the following cases: 38 Mississippi, 344; 16 Iowa, 49; 9 Minnesota, 194; 8 Minnesota, 13 and 41; 99 New Hampshire, 500; 14 New Hampshire, 133; 19 New Hampshire, 233; 41 New Hampshire, 215; 4 Indiana, 619; 13 Indiana, 565; 1 Hant’s cases, Tennessee, 261; 3 Wisconsin, *343; 5 Alabama, 467; 10 Alabama, 566; 18 Alabama, 280; 25 Alabama, 528; 27 Alabama, 281; 18 Vermont, 379; 24 Vermont, 317; Michigan Reports, 2 Douglass, 73. And we might expand, if we had time, this cloud of authority in support of a doctrine almost without exception, and those rather in modification of the rule than in conflict with it.
Grouping however, this mass of authority from every section of this continent, we think it would be unjust to the Christian civilization of this age, to permit any- other presumption than the one we have laid down, to-wit: that, in the absence of proof of any law to the contrary, the presumption is that the law of this contract must be held to be the same as our own. And as our Courts have held all contracts made in the pursuance of the ordinary callings or business on the Lord’s day or Christian Sabbath, to be void, it follows that this Court so adjudges in the case at bar, and the judgment of the Court below is, on this ground, reversed.