## CRAVEN *v.* BATES, KINGSBERY & COMPANY.

Although promissory notes bearing on their face a greater rate of interest than six per cent. were executed and made payable in the State of Tennessee, and it appeared by an admission in open court that the legal rate of interest in that State was six per cent., in the absence of any further evidence as to the laws of Tennessee on the subject of usury, the courts of Georgia will not hold that these notes are absolutely void, and will sustain a verdict making a person who guaranteed their payment liable for the principal of the notes with interest thereon at six per cent.

April 1, 1895. Brought forward from the last term.

Complaint. Before Judge MILNER. Catoosa superior court. February term, 1894.

W. H. PAYNE and R. J. & J. McCAMY, for plaintiff in error. McCUTCHEN & SHUMATE, *contra.*

LUMPKIN, Justice.

It appears that Henry L. Craven made and delivered to Bates, Kingsbery & Co. three promissory notes, which on their face bore interest at the rate of 8 per cent. per annum; and that afterwards James R. Craven, by an instrument in writing, guaranteed the payment of these notes. An action was brought upon this instrument by Bates, Kingsbery & Co., and the only defense which it is now material to notice was: that these notes were executed and made payable in the State of Tennessee; that under the laws of that State they were usurious and void, and consequently the defendant's contract guaranteeing their payment was without legal consideration and could not be enforced against him. There was an admission by the plaintiffs in open court, that the legal rate of interest in the State of Tennessee was 6 per

cent., but there was not before the court any other or further evidence as to what were the laws of Tennessee upon the subject of usury. There was a verdict for the plaintiffs, and the defendant excepted to the overruling of his motion for a new trial.

Assuming in behalf of the latter that the notes were in fact Tennessee contracts, the question is: whether or not, upon the facts recited, he was entitled to an adjudication that they were absolutely void? His contention was that these notes were void because the law of Tennessee made them so; but, as will have been seen, he failed to show this by evidence.

The court refused to charge that if the notes were Tennessee contracts, both they and the instrument guaranteeing their payment would be void; but did charge that although the notes were made and delivered in Tennessee, they were collectible to the extent of principal and 6 per cent. interest, and that thus far the defendant would be liable upon his guarantee. We are of the opinion that the defendant, by his evidence, made no case entitling him to invoke for his protection the usury laws of Tennessee (whatever they may be), further than as stated in the above recited charge. All we know from the record concerning the usury laws of Tennessee is that no greater rate of interest than 6 per cent. is allowed; and we are not thereby informed as to how usury affects the validity of contracts in that State. In such a case, it is not permissible for the courts of this State to avail themselves of any means of ascertaining what are the laws of another State on the subject of usury, otherwise than by reference to the evidence introduced. This was settled by this court in the case of *Champion* v. *Wilson & Co.*, 64 *Ga.* 184, in which JACKSON, Justice, in dealing with a contract made and to be carried out in the State of New York, and which was alleged to be void under the laws of that State, said:

"The defendant gave to the court below no evidence of any law of New York, so far as the record discloses. In order to take a case out of our own law, there must be evidence before the court that tried the case of the law of the other State, and the record must show its introduction in evidence." The proper practice in cases like this was recognized in the case of *Odom et al.* v. *New England Mortgage &c. Co.*, 91 *Ga.* 505, wherein it was said that in attacking, on the ground of usury, a note made payable in the city of New York, it was proper to introduce in evidence the statute of that State bearing upon the subject of usurious contracts. In Chicago & Alton Railroad v. Wiggins Ferry Co., 119 U. S. 616, it was held that whenever it became necessary for a court of one State, in order to give effect to a public act of another State, to ascertain what effect it has in that State, the law of that State must be proved as a fact; and in Hanley *et al.* v. Donoghue, 116 U. S. 1, it was said that the Supreme Court of the United States, upon a writ of error to the highest court of a State, would not take judicial notice of the law of another State not proved in that court and made a part of the record sent up, unless by the local law that court takes judicial notice of it.

It not appearing, then, how the usury laws of Tennessee affect the validity of contracts made in that State, it will not be presumed that usurious contracts are in that jurisdiction absolutely void. We find the rule thus stated in 27 Am. & Eng. Enc. of Law, title "Usury," p. 942: "While executory contracts for the payment of illegal interest cannot be enforced, yet the disposition of courts at the present time is to discard the old doctrine that all usurious contracts are essentially iniquitous and void, and to treat them as illegal only to the extent of the excessive interest, unless the statute otherwise directs." And see the cases there cited in note. This

seems to be the better rule upon the subject. In Farmers & Traders Bank *v.* Harrison *et al.*, 57 Mo. 503, it was decided that usury is not now considered a crime, so as to render invalid every contract into which it enters; but that the contract is illegal only to the extent of the forbidden excess of interest. This doctrine seems also to have been recognized in Farmers Bank *v.* Burchard, 33 Vt. 346, where an elaborate discussion of the subject of usury may be found in the opinion of Judge Barrett.

The court's charge—which, under the above cited authorities, seems to be sound—limited the plaintiffs' recovery to the principal due upon the notes, with interest at 6 per cent.; and the record does not show that the amount of the verdict was in excess of what was authorized by this charge. Indeed, no special complaint is made as to the amount of the verdict, the real contention of the plaintiff in error being that there could legally be no verdict at all against him. On the whole, we find no cause for granting a new trial.

*Judgment affirmed.*