## NORMAN *v.* GOODE *et al.*

1. When a party who is the plaintiff in an action to recover land dies domiciled in another State while the case is pending in this court on a writ of error, and upon the call of the case an application to be made a party in the place of such person is filed by one claiming to be the executor of the will of such deceased party, proved and admitted to record in the State of the latter's domicile, and such application is accompanied by a properly authenticated exemplification of the letters testamentary, and a similar application is also filed by a temporary administrator appointed in this State, on the ground that the deceased owned property at the time of his death in this State, the foreign executor will be made a party in preference to the temporary administrator appointed in this State.

2. "The presumption of law, founded on cohabitation and repute, that a marriage had taken place, will not prevail over proof of a subsequent marriage in fact by one of the parties with a third person."

3. An assignment of error upon a portion of a charge stating what was the law of another State in reference to a transaction under investigation, which took place in that State, such assignment of error being in effect simply that the law of such other State was not correctly stated, can not be considered unless the record affirmatively shows that the law referred to was in evidence at the trial. In the present case the law of the State of Florida which was the subject of the judge's charge does not appear in the brief of evidence or in any other part of the record except in the assignment of error above referred to.

4. The evidence authorized the verdict, and there was no error in refusing to grant a new trial.

Submitted March 2, — Decided March 27, 1901.

Complaint for land. Before Judge Russell. Gwinnett superior court. August 3, 1900.

*T. M. Peeples, R. W. Peeples,* and *Simmons & Pettigrew,* for plaintiff in error.

*J. N. Glenn, N. L. Hutchins,* and *Green & McKinney,* contra.

COBB, J. This was an action brought to recover possession of a lot of land to which the plaintiffs claimed title. The plaintiffs claimed to be the next of kin of Amanda A. Clark. The defendant, Charles B. Norman, claimed that he had been lawfully married to Amanda A. Clark, and was therefore her sole heir. There was a verdict for the plaintiffs, and the defendant's motion for a new trial having been overruled, he excepted. The evidence introduced at the trial disclosed that Charles B. Norman had been married to six women: First, in the State of Florida, in 1864 or 1865, to Henrietta Prescott, who died in 1869. Second, in Harris county, Georgia, in 1866, to Anna Hancock, who is still in life. Third, in

the State of Kentucky, in 1869, to Mattie Van Nort, who died in 1870. Fourth, in the State of Kentucky, in 1871, to Nancy Meredith, who is still in life, and was divorced from the defendant in 1873 or 1874. Fifth, in Gwinnett county, Georgia, in 1872, to Amanda A. Clark, who had a husband living at the time. After a divorce granted to her from this husband she was remarried to the defendant in Gwinnett county in 1883. She died in April, 1897. Sixth, in Elbert county, Georgia, in 1898, to his present wife. This marriage has nothing to do with the present investigation, but, as the fact appears in the evidence, it is stated here simply to complete the marriage record of the defendant.

1. When this case was called in its order for argument the death of the plaintiff Martha A. Goode was suggested, and an application was filed by C. C. Goode asking to be made a party to the case in her stead, claiming that she had departed this life while domiciled in the State of Alabama, and that he was in her last will appointed executor of the same, which had been duly probated in the proper court in the State of Alabama. He filed with his application "a properly authenticated exemplification of the letters testamentary" which had been issued to him by the Alabama court. John M. Mills also presented an application to be made a party to the case in the place of Martha A. Goode, alleging that he had been, by the ordinary of Gwinnett county, Georgia, appointed temporary administrator of the deceased, who, although a non-resident of the State at the time of her death, owned property in that county. Section 3521 of the Civil Code provides: "When a person at the time of his death is domiciled in another State, and administration is there regularly granted on his estate, either to an executor or administrator, such executor or administrator, if there be none appointed in this State, may institute his suit in any court in this State to enforce any right of action, or recover any property belonging to the deceased, or accruing to his representative as such." It not appearing that the deceased made a will appointing an executor, which has been probated in this State, and there being no permanent administrator appointed by the courts of this State, by the very terms of this section C. C. Goode, as executor of the will probated in Alabama, is entitled to be made a party to the case in this court; and as he has complied strictly with the law as contained in section 3522 of the Civil Code with reference to filing copies of his letters

testamentary, an order has been taken making him a party to the case in the place of Martha A. Goode. It is true that Rule 31 of the Supreme Court (Civil Code, § 5626) declares that a " temporary administrator will be regarded in this court as a competent party." But this part of the rule was made to provide for cases where it was impossible or inexpedient to obtain permanent letters of administration in time to make the permanent administrator a party to the case in this court, in order that the same could be heard and determined within the time required by the constitution. The temporary administrator is allowed to come in and be made a party in any case in this court only from necessity, and he will certainly not be given the preference over an executor duly appointed in another State, who is in court and asking to be made a party in the place of one who at the time of her death was a non-resident of this State. It is not at all clear that the rule would be now construed to authorize a temporary administrator to be made a party plaintiff here in an action to recover land. See *Banks* v. *Walker*, 112 *Ga.* 542.

2. The evidence shows that Norman was married to Anna Hancock in strict conformity to the laws of Georgia, this being proved by a certified copy of the marriage license issued by the ordinary of Harris county, authorizing the marriage, and which had been returned by the person performing the ceremony and properly recorded in the office of the ordinary. Thus there is proof of an actual marriage between these parties. This marriage is valid, if each of the parties at the time the same was contracted had capacity to make a contract of this character; and the same never having been dissolved, Anna Hancock would still be the lawful wife of Charles B. Norman. It is contended, however, that Norman was incapacitated from making a valid contract of marriage at this time, for the reason that he was already married to Henrietta Prescott. Norman testified as a witness in the case, and swore that he was married to Henrietta Prescott in Florida in 1865, but he did not state the circumstances under which he was married, who was present, what was the character of the ceremony, or who officiated; and therefore the statement by him, that he was married, is merely a conclusion of his from the facts surrounding his relations with Henrietta Prescott, which are not detailed by him but are referred to in the testimony of other witnesses. There was no evidence showing that Norman was married to Henrietta Prescott according to any formality, and

therefore it is unnecessary to determine whether the marriage was had in accordance with the statutes of Florida. One witness testified that they were married by the chaplain of a regiment of soldiers to which Norman belonged; but upon cross-examination it appears distinctly that this witness was not present at the ceremony, and that he had only heard of the marriage. Taking all of the other evidence on the subject of the marriage of these persons, except that above referred to, in its most favorable light to the contention of Norman, that he was married to Henrietta Prescott, it establishes, at most, nothing more than that they had lived together as man and wife, and that there was a reputation in the family of Henrietta Prescott and in the community in which they lived that they sustained to each other the relation of man and wife. The contention of the defendant is that his marriage with Henrietta Prescott was established by the circumstances referred to in the testimony of the witness above referred to, that the marriage had been performed by a minister of the gospel, and that, even independently of this circumstance, he had shown a marriage by cohabitation and repute. The fact of an actual marriage can be proved by circumstantial as well as by direct evidence. When it is shown that a ceremony of marriage is performed by one authorized to perform it, this circumstance alone might be sufficient proof of an actual contract of marriage; but whether, as in the present case, the fact of an actual marriage is sufficiently shown by the testimony of a witness who admits that he was not present at the alleged ceremony but knew of the same only from hearsay, is a question we will not undertake to decide. The evidence just referred to should have been ruled out; but having been admitted without objection and being before the jury, whether or not it should have been considered by them and what effect should be given it are also questions not necessary to be determined, under the view we have taken of the case. Even conceding that this evidence would have authorized a finding that an actual marriage had taken place, the verdict of the jury shows that they did not believe this witness, and their finding is amply supported. With the testimony of this witness eliminated, the question to be decided was, which was the lawful wife of the defendant, Henrietta Prescott, who was his wife, if wife at all, by virtue of the presumption arising from cohabitation and repute, or Anna Hancock, who was his wife according to an actual contract

of marriage entered into with all the formality which the law of the place where the contract was made required? In the case of *Jenkins* v. *Jenkins*, 83 *Ga.* 283, 287, Mr. Chief Justice Bleckley, after a careful examination of the authorities, states the rule to be applied in such cases in the following language: "The true doctrine of the authorities is, that where two alleged marriages compete, and one of them is proved as a fact, whether by direct or circumstantial evidence, the other can not be left to stand upon the mere legal presumption founded on cohabitation and repute. . . With no competing actual marriage proved, the law presumes marriage from cohabitation and repute. But this presumption the law declines to raise in opposition to a competing marriage actually proved." See also the authorities cited in the decision just quoted from, as well as 1 Bishop, Marriage, Divorce, and Separation, §§ 1026 – 1031.

Applying the principle of the ruling above referred to to the facts of the present case, when the marriage to Henrietta Prescott, proved by the presumption arising from cohabitation and repute, came into competition with the actual marriage to Anna Hancock, shown to have taken place in strict compliance with the law, the actual marriage to Anna Hancock must prevail, and it must be, for the purposes of the case disclosed by the present record, held that she was the lawful wife of Charles B. Norman. Under this view of the case the defendant was incapacitated from contracting a lawful marriage with Nancy Meredith in Kentucky, and it is therefore unnecessary to determine whether he has been lawfully divorced from her. And he was also incapacitated from marrying Amanda A. Clark in 1883, is therefore not her heir at law, and the plaintiffs as the sisters and niece of Amanda A. Clark were entitled to recover from him the lot of land in controversy.

3. As there was sufficient evidence to authorize the verdict, the judgment of the trial judge in refusing to grant a new trial will not be reversed, unless he has committed some error requiring the granting of a new trial. It is alleged that the court erred in a paragraph of his charge in which he was stating what was the law of Florida on the subject of marriage. There is no specific assignment of error on this charge. A careful examination of the brief of evidence fails to disclose a copy of any law of the State of Florida, and, so far as it appears from this record, the law of Florida was not in evidence, as it should have been before it could have

been considered by either the court or the jury. Whenever it becomes. necessary " for the court of one State, in order to give effect to a public act of another State, to ascertain what effect it has in that State, the law of that State must be proved as a fact." *Craven* v. *Bates*, 96 *Ga.* 80. There being no assignment of error that the charge was erroneous for the reason that there was no evidence to authorize it, in the absence of any evidence showing what was the law of the State of Florida, we can not determine whether the charge was a correct statement of that law, and must therefore hold that no error has been shown, and that this ground of the motion did not contain a sufficient reason for granting a new trial.

4. Upon a careful examination of the record we find no error which, in our opinion, required the granting of a new trial. It is unnecessary, for the reason above referred to, to deal with those assignments of error relating to the charge with reference to the divorce from Norman, granted Nancy Meredith in Kentucky. Besides this, the charge on the subject of the Kentucky divorce was favorable to the defendant; the court distinctly charging that if the jury found that there had been a divorce granted to Nancy Meredith in Kentucky, the defendant was also divorced and had a right to marry again. The testimony of the defendant, to the effect that he had learned but did not know that Henrietta Prescott died in 1869, was properly ruled out, as it was clearly hearsay. The evidence offered by the defendant to show that the greater part of the purchase-money of the lot in controversy was paid by him was properly ruled out as immaterial and irrelevant. The action was a simple action to recover land, and only the question of title was involved. The evidence offered was not sufficient to show a resulting trust in favor of the defendant as to the whole property ; and even if it could be held sufficient to show such a trust as to a portion of the property, there was no prayer in the answer asking that he be decreed the owner of such part of the property as was paid for with his money. In the absence of a prayer to this effect, the answer, notwithstanding it alleged that he had paid a portion of the purchase-money, must be considered simply as defensive; and the mere fact that he had paid a part of the purchase-money would not defeat those claiming under the holder of the legal title.

Complaint was made that the judge erred in charging the jury that the burden of proof was on the defendant to show that his

marriage with Amanda A. Clark was a lawful marriage.    That part of the charge on the subject of the burden of proof which was assigned as error appears to have contained a sound abstract proposition of law, and, when taken in connection with the explanatory note appended to the motion for a new trial, does not appear to have been erroneous, even when applied to the facts of the case.    There was no assignment of error that the charge was inapplicable to the facts.

There was no error in refusing to grant a new trial.

*Judgment affirmed.    All the Justices concurring.*