### WELLS v. GRESS.

1. In a suit for a breach of warranty of personal property it is not error for the court to charge Civil Code, § 3555, to the effect that in ordinary sales there is an implied warranty that the article sold is merchantable, and suitable for the use intended.

2. While the common law is presumed to be of force in most of the American States, if either party claims that the statute or common-law rule obtaining in such State is different from the law laid down in the code, he must, by pleading, evidence, or a request to charge, call the attention of the court to such difference.

3. In the case at bar it seems that the law of Wisconsin as to warranty is substantially the same as that contained in the Civil Code, § 3555.

4. The evidence objected to was admissible under the plea of failure of consid-. eration.

5. The evidence for the defendant was sufficient to support a finding in his favor; and even though that of the plaintiff was in its nature stronger and more satisfactory, we have no right to interfere with the verdict.

Argued June 11, — Decided August 14, 1903.

Complaint.    Before Judge Evans.    Wilcox superior court. August 1, 1902.

*Eldridge Cutts*, for plaintiff.
*Max E. Land* and *Hal Lawson*, for defendant.

LAMAR, J.    The plaintiff sold the defendant a formula and the exclusive right to manufacture a certain hair preparation.    To a suit for the purchase-money the defendant pleaded breach of warranty, and a total failure of consideration, in that the formula was utterly worthless.    There was no demurrer to the plea.    The defendant offered evidence to sustain his contention, and the plaintiff offered counter-testimony to show that the formula, if followed, would produce an article suitable for the purpose intended.    The court charged Civil Code, § 3555, that in every sale of personal property the vendor impliedly warrants that the article sold is merchantable, and reasonably suited to the use intended.    The plaintiff assigns this as error, on the ground that as the sale was made in Wisconsin, the courts will presume, until the contrary is shown, that the common law was of force in that State, under which there was no implied warranty.    Neither by the pleadings nor by a request to charge was any question raised as to the law by which the case was to be governed.    The fact that the sale took place in Wisconsin only incidentally appears, and the attention of the court should certainly have been called to the matter before he could have been expected to raise the point himself, and determine that the case was to be governed by a rule different from that laid down in the code.    For though the common law is supposed to be of force in most of the American States (*Craven* v. *Bates*, 96 *Ga.* 80), the presumption does not necessarily stop there; and while there is conflict in the authorities, according to many cases "the legal presumption is that the lex loci is the same as our own."    *Hill* v. *Walker*, 41 *Ga.* 453; 13 Am. & Eng. Enc. L. 1060.    Where either party claims a benefit under a foreign law, the statute must be pleaded and proved.    *Champion* v. *Wilson*, 64 *Ga.* 184.    But

even if request or pleading had raised the question as to the sale being governed by the principles of the common law, the charge was not erroneous. For, where it is proper under the pleadings or evidence, the judge may of his own motion resort to the statutes and decisions of the sister State as to the law thereof. *Chat. R. Co.* v. *Jackson,* 86 *Ga.* 681; *Barranger* v. *Baum,* 103 *Ga.* 466; Civil Code, §§ 5231, 5148. And if the court had examined the Wisconsin case of Getty *v.* Roundtree, 2 Pinney, 374, 54 Am. Dec. 138, it would have appeared that in that State a warranty is implied that a chattel is reasonably fit for the purpose intended when ordered for a specific purpose; and in support of that contention several English cases are quoted. In one, Best, C. J., said: "If a man sells an article, he thereby warrants that it is merchantable — that it is fit for some purpose." In Gay *v.* Cox, 4 Barn. & Cres. 108, Lord Tenterden said " that if a person sold a commodity for a particular purpose, he must be understood to warrant it reasonably fit and proper for such purpose." This in substance was the charge given by the judge.

Error is assigned because the court, over objection, admitted the testimony of the plaintiff that the seller stated that the preparation would restore hair, clean the scalp, and keep it free from dandruff. So far as we can see from the record, this was not offered for the purpose of adding to the terms of the written contract, but as one of the surrounding circumstances admitted under the provisions of the Civil Code, §§ 5205, 3675 (1). But even if it was improperly admitted, substantially the same facts had already been established by the evidence of the plaintiff, and several of his witnesses had likewise testified to the utility of the article. There was no objection to the testimony of the defendant that he saw that the preparation was a fraud; nor was there objection to the testimony of a pharmacist, that in his opinion a preparation made according to the formula would be worthless. The case, therefore, having been submitted by both parties under the plea of a total failure of consideration, and evidence both for and against this defense having been admitted without objection, we find no error requiring the grant of a new trial. A plea of total failure of consideration would be sustained by proof that the note sued on was given for the exclusive right to sell patented machines, when it appeared that the machines were worthless and unsuited for the purpose for

which they were made. The right to sell was worthless if the machines were. *Smith* v. *Hightower*, 75 *Ga.* 629; *Hornsby* v. *Butts*, 85 *Ga.* 694; *Moore* v. *Garland*, 87 *Ga.* 623.

<em>Judgment affirmed. By five Justices.</em>