### 6160.   BROWN *v.* THE STATE.

The charge of the court was not for any reason assigned erroneous, the evidence authorized the conviction of the accused, and the trial judge did not err in overruling the motion for a new trial.

DECIDED JULY 29, 1915.

Indictment for bigamy; from Turner superior court—Judge Cox. October 27, 1914.

*R. L. Tipton, J. A. Comer,* for plaintiff in error.

*R. C. Bell, solicitor-general, F. A. Hooper,* contra.

RUSSELL, C. J. The defendant was indicted for the offense of bigamy, the charge being that while he was lawfully married to one Ruth Sanders he unlawfully married one Willola Bland, knowing that his lawful wife Ruth was living. The defendant placed his defense upon the contention that he could not be convicted of the charge in the indictment, but that, if he was guilty of bigamy, the crime consisted in marrying Willola Bland while a previous wife, Oka Berry Pearce, was still living. In other words, the defense seems to consist of a set-off of one bigamy against another; for although the defendant attempted to excuse his marriage to Willola Bland on the ground of fear, no facts are stated which tend to show that the marriage with her was induced by duress. The record does not disclose that the defendant was as ardent an imitator of Solomon as was Norman in *Norman* v. *Goode,* 113 *Ga.* 121 (38 S. E. 317), and it may be that this results merely from the fact that the evidence does not extend over so long a period of time as in that case, for in the rapidity of the defendant's matrimonial adventures his speed far exceeded that of Norman. From 1865 to 1898, and ranging impartially through the States of Florida, Georgia, and Kentucky, Norman took six women for better or for worse. It appears from the record now before us that the defendant was contented to restrict his efforts to the territorial limits of a single State, and, that, within a few days more than three years (according to his statement), he entered into three separate matrimonial contracts, the last two ceremonies being performed within four days of each other. The jury, however, evidently discredited his statement as to the alleged first marriage, as they had the right to do; and the question therefore arises as to whether there was sufficient testimony to authorize a finding, first, that he was married to one Oka Berry Pearce before his marriage to Ruth Sanders, and, in the second place, that Oka Berry Pearce was alive at the time of the latter marriage. The State having charged that Ruth Sanders was the lawful wife of the accused at the time that he was married to Willola Bland, the prosecution would have failed had it been shown that Ruth Sanders was in fact not his lawful wife for the reason that the marriage to her was void, in that he already had a lawful wife at the time of the marriage to Ruth Sanders. See *Norman* v. *Goode,* supra.

The defendant introduced a certificate from the court of ordinary

of Stewart county, showing that a marriage license issued and that a marriage was solemnized between one J. L. Brown and Oka Berry Pearce on December 23, 1910. However, outside of the defendant's statement, there is nothing to show that the defendant was ever in Stewart county, or that he was the person who married Oka Berry Pearce; nor is there any testimony to show that the person whom he carried to the homes of his brother-in-law and his sister, and who was held out as his wife, was named Oka Berry Pearce or had borne that name. The testimony of the defendant's brother-in-law and of his sister goes no further than that the defendant brought a woman with him to their respective homes, who he said was his wife and who admitted that she was his wife. And even if it were to be presumed, from the circumstances of cohabitation and repute testified to by Mitchell, the brother-in-law, and by Mrs. Barrett, the sister of the accused, that a marriage had taken place between Brown and his companion, still "the presumption of law, founded on cohabitation and repute, that a marriage had taken place, will not prevail over proof of a subsequent marriage in fact by one of the parties to a third person." *Norman* v. *Goode,* supra. Under this rule the presumption that the woman accompanying Brown was his wife, in the absence of any proof identifying her as Oka Berry Pearce, had to yield to the positive proof of the marriage with Ruth Sanders. Furthermore, the witness Mitchell testified that the defendant stated, at a period prior to the marriage with Ruth Sanders, that the wife who visited his house was dead. According to this witness, who was the defendant's brother-in-law, the statement of the accused that his wife was dead was made the May previous to the January in which the two marriages of the defendant referred to in the indictment were entered into. It is true that the defendant's sister testified that she did not know whether the wife he brought to her house was alive or dead, and the defendant stated that he got a letter from her in October, 1913, in which this wife said she was "figuring on joining an opera troupe." But it was the right of the jury to accord the preference in credibility to the defendant's admission to his brother-in-law that his wife was dead in May, 1913. As we view it, therefore, the defendant not only failed to prove the identity of himself and his putative wife with the J. L. Brown and Oka Berry Pearce who were married in Stewart county in December, 1910, but even if it had been con-

ceded that the woman whom he held out as his wife was Oka Berry Pearce, the marriage to Ruth Sanders was still lawful, because, according to his own admission, Oka Berry Pearce was dead at the time of the second marriage. It is evident the jury did not believe the defendant's statement. They were not required to do so, and, omitting the statement, the evidence is sufficient to authorize the conviction of the accused.

The various exceptions to the charge of the court, embraced in seven grounds of the amendment to the motion for a new trial, really present but two points, (1) that some of the court's instructions were expressive of an opinion that certain essential facts had been proved by the State, and in this connection emphasized certain contentions of the State; and (2) that the court erred in charging the jury that proof of a marriage between the defendant and the person referred to in the indictment as his lawful wife would raise the presumption that the marriage contract was lawful. A careful consideration of the exceptions seriatim, as well as a review of the charge as a whole, thoroughly convinces us that there is no merit in either exception. The jury were fully instructed upon the theory presented by the defendant's statement, and the charge as a whole is a full and fair exposition of the law as adjusted to the evidence in the case, without the slightest intimation or expression of opinion on the part of the trial judge as to what had or had not been proved.      *Judgment affirmed.*