VEACH, executrix, *et al.* v. VEACH *et al.*

No. 16526. APRIL 12, 1949.

*William A. Ingram* and *Neel & Ault,* for plaintiffs in error.

*Moise, Post & Gardner,* and *Willingham, Cheney & Hicks,* contra.

HEAD, Justice. ■ The petition of the executors named in the will of George A. Veach (also as trustees under item 4 of his will) alleged that the corpus of the trust was described real estate located in the State of Tennessee, and that the legal effect of the trust created by the will would be determined by the laws of Tennessee. The petition purports to set out in substance the applicable law of the State of Tennessee. Counsel for the defendants in error contend in their briefs that the laws of Tennessee govern in the construction of the trust created by item 4 of the will. The trial judge in his written opinion held that

190

the laws and statutes of the State of Georgia would apply in the construction of item 4 of the will. It was stated further, however, that in the opinion of the court the statutes and decisions of the State of Tennessee would require the same judgment.

It is the duty of this court to render its decision on the law applicable to the case, whether it be the law of Georgia or of Tennessee. 11 Am. Jur., p. 481, § 174, on "Conflict of Laws," states the rule as follows: "A devise of real property will always be construed, as far as the effect of the will is concerned, in accordance with the lex rei sitæ. For instance, it is held that the question whether a vested or contingent remainder is created depends not on the law of the testator's domicile, but on the law of the place where the land is situated."

In "Restatement of the Law of Conflict of Laws" by the American Law Institute, p. 333, § 249, the rule is stated as follows: "The validity and effect of a will of an interest in land are determined by the law of the State where the land is." See also 15 C. J. S. on "Conflict of Laws," 941, § 19 (f); 948, § 21 (d); Jacobs v. Whitney, 205 Mass. 477; 79 A. L. R. 108.

The general rule stated in the authorities cited has been followed by this court. In *Kerr* v. *White*, 52 *Ga.* 362, this court held that the will of a resident of the State of Tennessee, devising property in this State, would be regulated by the laws of the State of Georgia, and not by the laws of the State of Tennessee. In *Sinnott* v. *Moore*, 113 *Ga.* 908 (39 S. E. 415), this court applied the law of Georgia to a trust under a will executed by a resident of the State of Pennsylvania, and held that a resident of that State devising property located in Georgia would be presumed to know the law of this State.

In the present case the legal effect of item 4 of the will is to be determined under the laws of Tennessee, where the property is located.

■ The one controlling question to be determined is the nature of the estate in remainder (whether vested or contingent) devised to the heirs at law of the testator. Counsel for the litigants in this case have cited numerous authorities from the States of Georgia and Tennessee. Counsel for the plaintiff in error state in their brief that all of the Georgia cases cited by counsel

for the defendants in error are distinguishable on their facts from this case. This contention of counsel appears to be correct. We might add that the decisions cited from the Supreme Court of Tennessee are not directly in point. It has been stated by the Supreme Courts of Georgia and Tennessee that all wills differ, and that decisions in other cases are of little or no value in the interpretation of a will, unless the language used and the surrounding circumstances are the same. *McGinnis* v. *Foster*, 4 *Ga*. 378; *Cook* v. *Weaver*, 12 *Ga*. 50 (3); *Bryant* v. *Green*, 187 *Ga*. 89, 91 (199 S. E. 804); Jones *v.* Hunt, 96 Tenn. 369, 377.

In the hearing before the trial court, the defendants in error introduced the testimony of W. D. Moon, a prominent attorney of Chattanooga, Tennessee. Mr. Moon was examined and cross-examined at length concerning the statutes and Supreme Court decisions of the State of Tennessee. In substance, Mr. Moon stated it to be his opinion that the "class doctrine" of Tennessee (Williams Annotated Code of Tennessee, §§ 7598, 8092) would apply, and that under the "class doctrine" of Tennessee only those persons who are heirs of the testator at the time of the termination of the trust will take as remaindermen.

The trial court was authorized to hear the testimony of counsel skilled in the law of the State of Tennessee, to aid in arriving at a proper conclusion in regard to the law of that State. The trial judge was not limited to the testimony of counsel, nor is this court, but resort may be had to the statutes of Tennessee and to the decisions of its Supreme Court. *Chattanooga, Rome & Columbus R. Co.* v. *Jackson*, 86 *Ga*. 676 (3) (13 S. E. 109); *Barranger* v. *Baum*, 103 *Ga*. 465, 466 (7) (30 S. E. 524).

The "class doctrine" was stated by the Supreme Court of Tennessee in Hobson *v.* Hobson, 184 Tenn. 484 (201 S. W. 2d, 659) in the following language: "Under the 'class doctrine,' where a bequest is made to a class of persons, subject to fluctuation by increase or diminution of its number in consequence of future births or deaths, and time of payment or distribution of fund is fixed at a subsequent period, or on happening of a future event, entire interest vests in such persons only as at that time fall within description of persons constituting such class." See also Jennings *v.* Jennings, 165 Tenn. 295 (2) (54 S. W. 2d, 961).

Every element of the "class doctrine" as stated by the Su-

preme Court of Tennessee is present in the will in this case. The testator made a bequest to a class of persons, "to my heirs at law according to the statutes of descents and distributions of the State of Georgia." This class was subject to fluctuation by diminution of its number by death. It is not essential that the class be subject to fluctuation both by increase and decrease, since the disjunctive word "or" is used. Any change, either by increase or by decrease, meets the requirement as to fluctuation.

The time of payment or distribution was fixed at a subsequent period and upon the happening of a future event, "upon the expiration of said trust, as above provided, the said property shall descend and go," etc. That the time of payment or distribution is fixed at the termination of the trust, can not be disputed, since the executors, as trustees, are authorized to convey the actual property to the class named.

Under the "class doctrine" as applied by the Supreme Court of Tennessee, upon the termination of the preceding estate the property would vest in such persons as would constitute the described class. "Heirs at law," according to the "statutes of descents and distributions" of this State, mean children of the testator or children of children (grandchildren). Code, § 113-903 (4). The phrase, "heirs at law," under the laws of Tennessee, means children (Boyd v. Robinson, 93 Tenn. 1, 36), and the "class doctrine" of Tennessee, as amended in 1927, includes the bodily representatives of children (grandchildren). The class would not include the wife of a deceased child, who left no lineal descendants, since the wife would not be an heir of the testator under the "statutes of descents and distributions" of Georgia, nor an heir of the testator under the laws of Tennessee.

The remainder to the heirs of the testator upon the termination of the trust was contingent and not vested. "A 'contingent remainder' and not a 'vested remainder' exists whenever persons who are to enjoy the remainder are to be ascertained at time preceding estate fails and are not ascertained at time preceding estate and remainder are created." First Nat. Bank of Springfield v. Pointer, 174 Tenn. 473 (126 S. W. 2d, 335). See also Rinks v. Gordon, 160 Tenn. 345, 346 (5). Other decisions of the Supreme Court of Tennessee wherein the "class doctrine"

of that State was applied have been examined and might be cited. This could serve no useful purpose. The language employed by the testator clearly makes the "class doctrine" applicable, and requires the affirmance of the judgment of the court below, which is correct in result.

Counsel for the plaintiff in error contend that the Tennessee law favors the vesting of estates, and that doubt should be resolved in favor of an intention of the testator to convey a vested remainder rather than a contingent remainder. The rule as contended by counsel is in effect in both Georgia and Tennessee. Ga. Code, § 85-708; *Lumpkin* v. *Patterson,* 170 *Ga.* 94 (6) (152 S. E. 448); Bigley *v.* Watson, 98 Tenn. 353, 359; Maynor *v.* Vaughn, 159 Tenn. 283, 287; Williams v. McFarland, 162 Tenn. 469 (5). Counsel for the plaintiff in error further contend that in the construction of wills the courts of Tennessee would undertake to ascertain the intention of the testator and give effect to his wishes, if no rule of law is contravened and his will is not against public policy. This contention is correct, and the rule is in effect in both Georgia and Tennessee. Ga. Code, § 113-806; Jones *v.* Hunt, supra. Neither rule, however, can change the result in this case. The language employed by the testator is clear and unambiguous, and this court will not, by construction, create an ambiguity where none exists.

All of the amended grounds of the motion for new trial not previously ruled upon deal with assignments of error on the admission of evidence in support of the contentions of the defendants in error that it was the wish of the testator that his property should descend only to his "blood heirs." Since the language of the will is not ambiguous, such testimony was inadmissible. Its admission, however, does not require the reversal of a judgment demanded by the law applicable to the will.

Some reference is made in the briefs of counsel as to whether or not the trust created by item 4 of the will of the testator might violate our Code, § 108-114, limiting the persons for whom a trust may be created. This question is not involved in this case. The trust is controlled by the laws of Tennessee, and an examination of the Code of Tennessee does not reveal any statutory limitation similar to the Georgia law in the creation of trusts. On the contrary, such a trust as was created by the

testator would appear to be legal in Tennessee. Bonham *v.* Bonham, 180 Tenn. 364.

*Judgment affirmed. All the Justices concur.*

BELL, Justice, concurring specially. This court has many times held that, where a party seeks to rely on the law of another State as furnishing the basis for a right of recovery or defense different from what it would be under the laws of this State, or the common law, the law of such foreign State should be pleaded and proved; in other words, that this court will not in such case take judicial cognizance of the statutory laws of another State.

In *Champion* v. *Wilson,* 64 *Ga.* 184 (1), the plaintiff sued on a contract that was made and to be executed in the State of New York, and it was urged by the defendant that the New York and not the Georgia law should govern, but as stated by this court, he "gave to the court below no evidence of any law of New York so far as the record discloses." Whereupon it was ruled: "In order to take a case out of our own law, there must be evidence before the court that tried the case of the law of the other state, and the record must show its introduction in evidence." For other rulings to the same effect, see *Craven* v. *Bates,* 96 *Ga.* 78 (23 S. E. 202); *Norman* v. *Goode,* 113 *Ga.* 121 (3) (38 S. E. 317); *Southern Express Co.* v. *Hanaw,* 134 *Ga.* 445 (7) (67 S. E. 944); *Trustees of Jesse Parker Williams Hospital* v. *Nisbet,* 189 *Ga.* 807 (1) (7 S. E. 2d, 737); *Alropa Corp.* v. *Pomerance,* 190 *Ga.* 1 (1a) (8 S. E. 2d, 62); *Wood* v. *Wood,* 200 *Ga.* 796 (1), 798 (38 S. E. 2d, 545). See also Code, §§ 38-112, 38-622, 38-627.

In the instant case, it appears that the defendants in error introduced evidence as to what was the law of the State of Tennessee, but, with all deference, it seems to me that the decision goes far beyond the evidence in the record in reference to the law of that State; and, in my view of the case, under the foregoing authorities the decision should be confined to the evidence that was actually introduced in relation to that question. As authority for such additional investigation, two decisions are cited in the prevailing opinion, to wit, *Chattanooga, Rome and Columbus R. Co.* v. *Jackson,* 86 *Ga.* 676 (3) (13 S. E. 109), and *Barranger* v. *Baum,* 103 *Ga.* 465 (7) (30 S. E. 524). In the case first mentioned, the only exceptions, so far as here pertinent, related to the admission over objection of testimony of two

attorneys giving their opinions as to the law of Tennessee. The decision stated: "The record shows that the judge in this case did not confine himself to the opinions of the attorneys, but that the statutes of Tennessee and the decisions of its Supreme Court were read to him." So far as shown, there was no objection to the manner in which the statutes and decisions were thus shown to the court, and the sole contention urged related to the testimony of the attorneys. The rule stated in the third headnote was, that, "While the judge might have resorted alone to the statutes of Tennessee, and the decisions of its Supreme Court it was not error to receive, in addition to those statutes and decisions, the testimony of skilled attorneys who practiced in the courts of that State, to aid him in arriving at a proper conclusion as to what was the law of that State, and especially as to the practice of the courts thereof in regard to appeals and their dismissal." It is true that the opinion referred to the (then) Code of 1882, § 3824, regarding judicial cognizance, but under the facts there appearing, I do not think that the decision can be taken as a ruling to the effect that a court of this State may ordinarily go beyond the evidence in the record before it, for the purpose of ascertaining anything as to the law of another State. However, in any view, the decision was concurred in by only two Justices, and hence is not binding as authority. Compare the full-bench decision in *Champion* v. *Wilson & Co.*, supra.

*Barranger* v. *Baum*, supra, was a habeas corpus case involving the validity of an extradition warrant, and it was there ruled: "In a judicial inquiry as to what are the laws of such State, the courts, *in a case of this character*, will not be restricted to the rigid rule of considering only such testimony as may be formally tendered in evidence by the parties; but will seek the best sources of information at their command to ascertain the laws of the demanding State on the subject." (Italics mine.) In the opinion it was said: "Upon the question we are now considering, neither the statutes of this State nor the common law can have any bearing. The court is necessarily called upon to decide whether a crime has been charged against the laws of another State; and hence its laws are alone in issue. In such a case, involving, as it does, not only the liberty of a citizen but the rights of another State, we think it would be the right, if not the duty, of

the courts to seek the highest sources of information at their command to ascertain the laws of such State on the subject and to give them force and effect according to their true intent and spirit, whether or not such laws have been formally tendered in evidence. To this end they may resort to the published statutes of that State, or to the published decisions of its highest tribunals." It thus appears from the *Barranger* decision that an exception to the general rule above stated should be made in a case involving the validity of extradition proceedings.

It is true that in *Seaboard Air-Line Ry.* v. *Phillips,* 117 *Ga.* 98 (43 S. E. 494), the author of the opinion expressed some doubt as to the correctness of the rule first above stated as to the necessity of pleading and proof, in view of the provision of the Code of 1895, § 5231, as to judicial cognizance, but the question was not then raised for decision and no ruling was made thereon.

In *Wells* v. *Gress,* 118 *Ga.* 566, 568 (45 S. E. 418), it was stated that, "Where it is proper under the pleadings or evidence, the judge may of his own motion resort to the statutes and decisions of the sister State as to the law thereof," citing *Chattanooga, Rome and Columbus R. Co.* v. *Jackson* and *Barranger* v. *Baum,* supra. The statement, under the facts narrated in the opinion, was clearly obiter, even if it should be determined in what kind of a case the court thought it might be "proper" for the judge to resort, of his own motion, to the statutes and decisions of another State. Moreover, the decision was rendered by only five Justices.

There is a vast difference between considering a decision of another State for the purpose of showing the law of that State applicable to a matter involved in a case for determination in this State, where such decision is not introduced in evidence for the purpose of proving such law, and in considering decisions of other States as persuasive authority upon some law question to be decided according to the laws of Georgia. The latter is, of course, clearly permissible; but, as I construe our decisions, the former is not.

Nevertheless, I agree that the law of Tennessee should be here applied if pleaded·and proved, and under the pleadings and the evidence actually appearing in the record, I concur in the conclusion reached· by the court as to what is the law of that

State. As I understand the case, the pleadings and the evidence went to show the statutory law of Tennessee, and not merely an interpretation of the common law, so that there is no occasion here to apply the rule stated in *Slaton* v. *Hall*, 168 *Ga.* 710 (148, S. E. 741, 73 A. L. R. 891), to the effect that this court will decide for itself as to what is the common law. See, in this connection, *Trustees of Jesse Parker Williams Hospital* v. *Nisbet*, supra.