CARTER, executrix, *v.* GRAVES.

No. 16777.   October 11, 1949.   Rhearing denied November 18, 1949.

*Dunaway, Riley & Howard, James M. Embry, H. Fred Gober,* and *Yantis Mitchell,* for plaintiff.

*A. W. White* and *John W. Bolton,* for defendant.

Atkinson, Presiding Justice.   (After stating the foregoing

facts.) ■ The evidence showed that the caveator was married to Anita Carnahan in January, 1924, and that this wife procured an "interlocutory judgment and decree of divorce" against him in Alameda County, California, on April 22, 1936; and that, on November 8, 1947, which was subsequent to the death of the testatrix, a "final judgment of divorce" was granted in said case with the following entry thereon, "Let this be entered nunc pro tunc as of April 23, 1937."

It is insisted by the caveator that the nunc pro tunc order on the final judgment in the California divorce case made him competent to contract marriage after April 23, 1937. In support of this contention, his attorney read to the trial judge the case of Macedo v. Macedo, from the District Court of Appeals, Third District of California, as reported in 84 Pac. 2d, 552, which apparently sustained his contentions. Thereupon the trial judge directed a verdict for the caveator. There had been no evidence introduced as to the California divorce law.

Where it is sought to rely on a law of another State which is different from what it would be under the law of this State, the law of such State must be put in evidence. *Champion* v. *Wilson & Co.*, 64 *Ga.* 184 (1); *Chattanooga, Rome &c. R. Co.* v. *Jackson*, 86 *Ga.* 676 (3) (13 S. E. 109); *Craven* v. *Bates, Kingsberry & Co.*, 96 *Ga.* 78 (23 S. E. 202); *Norman* v. *Goode*, 113 *Ga.* 121 (3) (38 S. E. 317); *Southern Express Co.* v. *Hanaw*, 134 *Ga.* 445 (7) (67 S. E. 944). While an exception to the general rule above stated is made in cases involving the validity of extradition proceedings (*Barranger* v. *Baum*, 103 *Ga.* 465 (7), 30 S. E. 524; *Denny* v. *Foster*, 204 *Ga.* 872, 52 S. E. 2d, 596), we know of no such exception as to establishing the divorce laws of other States.

Neither the trial court nor this court can ordinarily take judicial cognizance of the laws of California. *Alropa Corp.* v. *Pomerance*, 190 *Ga.* 1 (1) (8 S. E. 2d, 62). Under the Code, § 38-112, judicial cognizance of the laws of another State will be taken by the courts of this State only when presented in some form that shows they were "published by authority." We have a high regard for the publishers of the Pacific Reporter, from which the California decision was read to the trial court, but it was not shown to be such a publication as is "published by

authority," so as to authorize the trial court to take judicial cognizance thereof. As to proof of laws of another State, see also Code, §§ 38-622; 38-627; *Veach* v. *Veach*, 205 *Ga.* 185 (53 S. E. 2d, 98), and citations.

Accordingly, the caveator having relied upon the laws of California to establish the validity of the nunc pro tunc final divorce judgment entered after the death of the testatrix, but producing no proof of such law, he failed to establish the existence thereof; and the trial judge, not being authorized to take judicial cognizance of the California law, erred in directing a verdict based thereon.

■ The caveator takes the position that, even though no final decree for divorce had been granted in the California divorce case at the time he married the testatrix, he having married the testatrix and lived with her as man and wife, there was a presumption that he had the capacity to contract the marriage, and the existence of all other facts necessary to render the marriage valid; and that this presumption had not been overcome by clear, distinct, positive, and satisfactory proof, as ruled in *Brown* v. *Parks*, 173 *Ga.* 228 (160 S. E. 238); *Nash* v. *Nash*, 198 *Ga.* 527 (32 S. E. 2d, 379); *Reed* v. *Reed*, 202 *Ga.* 508 (1) (43 S. E. 2d, 539). This contention is overcome by the facts in the record. The record shows that he had a ceremonial marriage with the wife who sued him for divorce in California. He testified that he had no ceremonial marriage with any one else until he married the testatrix, and that the California divorce was the only one instituted by either party. That the wife who instituted the California divorce suit was in life at the time of his marriage to the testatrix, is shown by the fact that she appeared and procured the nunc pro tunc final judgment in California, November 8, 1947, after the death of the testatrix. This act on her part is sufficient to show that she had not procured any other divorce from the caveator prior to that date. Therefore, assuming that no final decree, granting a divorce based upon a ceremonial marriage, had been granted in the California divorce case, when considered in connection with the fact that both parties were in life and neither had obtained any other divorce, these facts would be sufficient to overcome the presumption of the validity of the ceremonial marriage to the testatrix.

■ The propounder alleges error by reason of the court's ruling out all evidence to establish an undissolved common-law marriage of the caveator, entered into with another woman after April 23, 1937, which was the date the final judgment in the California divorce case was sought to be established as nunc pro tunc. The propounder insisted that, even if the caveator was competent to contract marriage after April 23, 1937, subsequently thereto he entered into a common-law marriage which was not dissolved at the time he married the testatrix.

Inasmuch as the case is returned for another trial, a ruling upon this question is made. The evidence to establish this common-law marriage was documentary and oral. There was documentary evidence of birth certificates of two children, each bearing the last name of the caveator and listing the caveator as the father and the named woman, who was using the last name of the caveator, as the mother. This evidence was relevant to the issue as to whether a common-law marriage had been entered into by the caveator, and the court erred in ruling it out.

The caveator takes the position that, he having shown a ceremonial marriage with the testatrix, evidence to establish a previous common-law marriage by the caveator was not admissible. In support of this position, he relies upon *Jenkins* v. *Jenkins*, 83 *Ga.* 283 (2) (9 S. E. 541), and *Norman* v. *Goode*, 113 *Ga.* 121 (2) (supra). These cases do not so rule, but merely hold that, where a ceremonial marriage has been shown, it will prevail over the presumption of law that a marriage had taken place founded on cohabitation and repute. In other words they hold that, where no competing actual marriage is shown, but there is cohabitation and a reputed marriage, the law presumes a marriage; but that this presumption cannot prevail where a ceremonial marriage is, in fact, established. Such ruling has no application where a ceremonial marriage has been shown, and where by facts and circumstances a previous common-law marriage may be established. While a proven ceremonial marriage will prevail over a presumption of marriage founded on cohabitation and repute, yet such a ceremonial marriage will not prevail over a properly proven previous common-law marriage.

As to whether the court erred in ruling out the oral testimony

relating to this alleged common-law marriage, a review of the evidence would be required. This evidence, being set forth as a part of the amended motion, is a stenographic report of questions and answers, covering approximately twenty-five pages, interspersed with objections, colloquies, and rulings. It is not in accordance with the requirements of Code § 70-305, and does not properly present the question sought to be reviewed. See *Turner* v. *Turner,* 205 *Ga.* 578 (54 S. E. 2d, 410), and citations.　　　　*Judgment reversed. All the Justices concur.*