65807, 65808. SPALDING COUNTY COMMISSIONERS et al. v. TARVER et al.; and vice versa.

CARLEY, Judge.

On November 17, 1963, James Tarver married Mary Tarver. This ceremonial marriage ended by divorce on September 17, 1964. Nine days later, on September 26, 1964, James Tarver entered into a ceremonial marriage with Patricia Jo Tarver. On April 3, 1966, while James Tarver was ostensibly married to Patricia Jo Tarver, a child, Barry Tarver, was born to Mary Tarver and James Tarver. James

Tarver and Patricia Jo Tarver were divorced in 1968 and remarried in 1969. In April of 1974, Patricia Jo Tarver and James Tarver were again divorced. Subsequently, James Tarver married and divorced again. Thereafter, in January of 1976, James Tarver married Revia Tarver and this marriage also ended in divorce on April 26, 1979. James Tarver was later killed in the course of his employment with Spalding County. Three separate claims were made for dependency benefits pursuant to OCGA § 34-9-13 (Code Ann. § 114-414).

At the time of the hearing, one claimant was dismissed as a party. The two remaining individuals making claims for dependency benefits were: Revia Tarver, who was claiming entitlement as the alleged common law wife of James Tarver at the time of his death, and Mary Tarver, acting solely as appointed guardian of Barry Tarver, the minor child of James Tarver.

The administrative law judge awarded compensation benefits to Barry Tarver and denied the claim of Revia Tarver. The award was premised upon the finding that, prior to James Tarver's ceremonial marriage to Patricia Jo on September 26, 1964, James Tarver and Mary entered into a common law marriage. The administrative law judge further found that because the common law marriage created between James and Mary Tarver was never dissolved by divorce, all subsequent marriages entered into by James Tarver were not valid, including the common law marriage with Revia Tarver. A de novo hearing was held before the full Board and the award of the administrative law judge was adopted and affirmed with minor modifications.

On appeal, the superior court found there was no evidence to support the finding of the existence of a common law marriage between James Tarver and Mary Tarver. The case was remanded for additional findings concerning the existence of such a common law marriage. This court granted a discretionary appeal. In Case Number 65807, the Spalding County Commissioners appeal from the order of the superior court remanding the case to the Board of Workers' Compensation. In Case Number 65808, Revia Tarver cross-appeals, asserting that OCGA § 34-9-13 (Code Ann. § 114-414) is un-constitutional and that the superior court erred in failing to admit certain records into evidence.

*Case No. 65807.*

1. OCGA § 34-9-105 (a) (Code Ann. § 114-710) provides, in relevant part, that an award of the State Board of Workers' Compensation "shall be conclusive and binding as to all questions of fact." Neither the superior court nor the Court of Appeals has any authority to substitute itself as the fact-finding body in lieu of the

Board of Workers' Compensation. "Even though the evidence is conflicting, or not altogether complete and satisfactory, an award must be affirmed if there is any evidence to support it." *Dept. of Public Safety v. Rodgers,* 149 Ga. App. 683 (255 SE2d 139) (1979).

There is evidence in the instant case which would support the finding that a common law marriage was created between James and Mary Tarver subsequent to the entry of their divorce decree on September 17, 1964, and prior to James Tarver's marriage to Patricia Jo Tarver nine days later, on September 26, 1964. There is some evidence that, during this period, the deceased and Mary Tarver mutually agreed to be husband and wife, that they held themselves out as such, and that there was a consummation of that relationship. *Askew v. Dupree,* 30 Ga. 173, 178 (1860). Prior to the entry of the divorce decree on September 17, 1964, Mary Tarver moved into her sister's apartment. Also prior to September 17, 1964, James Tarver informed Mary that he had stopped the divorce proceedings, and he then moved his clothes and possessions into the apartment with Mary. Mary Tarver testified that subsequent to the entry of the divorce decree, of which she had no knowledge, she and the deceased continued to share a room in her sister's apartment, shared the same bed, and held themselves out as man and wife. Mary Tarver's sister testified that at all times when Mary and the deceased were living in the apartment with her, they held themselves out as man and wife, and, in fact, she did not even know that a divorce had been obtained during that time. When James Tarver did inform Mary of the divorce, he told her that a lawyer had pressed him to complete the case and that he had made the divorce between them final, but told her "that we were still married, it didn't make no difference." Several other witnesses testified that at all times during the period in question Mary Tarver and the deceased held themselves out as man and wife. "While a proven ceremonial marriage will prevail over a presumption of marriage founded on cohabitation and repute, yet such a ceremonial marriage will not prevail over a properly proven previous common-law marriage." *Carter v. Graves,* 206 Ga. 234 (56 SE2d 917) (1949). The evidence was sufficient to support a finding of a common law marriage. See *Kickasola v. Jim Wallace Oil Co.,* 144 Ga. App. 758 (1) (242 SE2d 483) (1978); *Murray v. Clayton,* 151 Ga. App. 720 (261 SE2d 455) (1979).

Accordingly, the superior court erred in finding that there was no evidence to support the finding of the Workers' Compensation Board that a common law marriage between Mary and James Tarver had been created but never terminated by divorce, and that, therefore, all subsequent marriages entered into by James Tarver

were invalid, including the alleged common law marriage to Revia Tarver.

*Case No. 65808.*

2. In the cross-appeal, Revia Tarver asserts that OCGA § 34-9-13 (a) (1) (Code Ann. § 114-414) unconstitutionally creates a conclusive presumption of the dependence of children. Such an assertion has been rejected by the Supreme Court. *Flint River Mills v. Henry,* 239 Ga. 347 (236 SE2d 583) (1977). Her contention that the phrase "acknowledged illegitimate children," as found in that statute, is unconstitutionally vague is moot in light of our findings in Division 1 of the instant opinion.

3. It is also urged by Revia Tarver that the failure of the superior court to require that the record be reopened in order to receive evidence of Mary Tarver's income tax returns and employment records was error.

"[I]n cases of alleged fraud [OCGA § 34-9-105 (Code Ann. § 114-710)] grants the superior court the power to consider evidence of such fraud which may be presented to the superior court for the first time on appeal." *Dennington v. Rockdale Package Stores,* 161 Ga. App. 450, 451 (288 SE2d 709) (1982). However, the record in the instant case reveals that such evidence was not newly discovered and, while it may have served to impeach Mary Tarver's testimony, was not indicative of fraud in any way. The trial court did not err by not considering such evidence for the first time on appeal.

*Judgment in Case Number 65807 reversed. Judgment in Case Number 65808 affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JULY 12, 1983 —
REHEARING DENIED JULY 29, 1983 — ▮▮▮▮▮▮▮▮

*H. Durance Lowendick, John P. Hines, C. Davis Bauman,* for appellants (case no. 65807).

*E. Lamar Gammage, Jr., Howard P. Wallace,* for appellees.

*Howard P. Wallace,* for appellants (case no. 65808).

*H. Durance Lowendick, E. Lamar Gammage, Jr., C. Davis Bauman, John P. Hines,* for appellees.